349 F.2d 527
 BANCROFT NAVIGATION COMPANY, Ltd., Libelant-Cross Respondent-Appellee,
v.
CHADADE STEAMSHIP CO., Inc. and the S.S. YARMOUTH CASTLE,
her engines, etc., Respondents-Cross Libelant-Appellant, v.
CARIBBEAN CRUISE LINES, INC., John E. Smith, Jr. and Passage
Monies of the S.S. Yarmouth Castle, Respondents.
 Nos. 448, 449, Dockets 29388, 29389.
 United States Court of Appeals Second Circuit.
 Argued April 30, 1965.
Decided July 29, 1965.
 
 Morton Zuckerman, New York City (Dunn & Zuckerman, New York City, on the brief), for libelant-cross respondent-appellee.
 William E. Fuller, New York City (Downing & Fuller, New York City, on the brief), for respondents-cross libelant-appellant.
 Before LUMBARD, Chief Judge, and FRIENDLY and MARSHALL, Circuit judges.
 LUMBARD, Chief Judge:
 
 
 1
 Chadade Steamship Co. appeals from orders of the Southern District of New York relating to the posting of security on a cross-libel. We find that the decisions on the motions are not appealable and, therefore, we dismiss Chadade's appeal.
 
 
 2
 On July 30, 1964, Bancroft Navigation Co. filed a libel against Chadade for an alleged breach of a charter party for Chadade's ship, the S.S. Yarmouth Castle and attached the ship by process of foreign attachment. Chadade secured the release of the vessel by substituting a $100,000 bond.
 
 
 3
 Thereafter, Chadade filed a cross-libel against Bancroft alleging breach of the same charter party.[1] Pursuant to Admiralty Rule 50,[2] Chadade moved that Bancroft be required to post cross-security in the amount of the claim against it, $300,000, and, pending the posting of the bond, that either the proceeding be stayed or Chadade's security be cancelled. In defense, Bancroft pleaded that it was insolvent. After oral argument and the submission of affidavits, Judge Tenney decided, in an order entered September 14, 1964, that Bancroft should post security in the amount of $50,000, and that failing to post such a bond, Chadade's security would be reduced from $100,000 to $50,000. When Bancroft failed to post the cross-security on September 23, 1964, he ordered that Chadade's security be reduced to $50,000, pursuant to Admiralty Rule 8, with leave granted to Chadade to apply a further reduction or cancellation of said security for due cause shown. Such an application to cancel security was made on October 23 and denied on October 29.
 
 
 4
 Chadade filed a notice of appeal on November 9, 1964, seeking review of the orders entered on 'September 23, 1964 and October 29, 1964.' Omitted, apparently through inadvertence, was the order of September 14, 1964. However, the order of September 23 did specifically refer to the order of September 14.
 
 
 5
 The appeal from the order of September 23, which reduced Chadade's security pursuant to the order of September 14, does not raise the issue Chadade asks this court to consider, namely the propriety of Judge Tenney's failure to order cancellation of Chadade's entire bond in the event that Bancroft did not post a bond to secure the full amount of Chadade's cross-libel. Whether or not the October 29 order raises that question is at least dubious; one may doubt that Judge Tenney's leave to renew preserved for future consideration the central issue decided on September 14, absent new proof or changed circumstances.
 
 
 6
 However, we will not narrowly construe the notice of appeal so as to preclude a review of the September 14 order.
 
 
 7
 The requirement of Rule 73(b) of the Federal Rules of Civil Procedure[3] that the notice of appeal 'shall designate the judgment or part thereof appealed from' serves as 'a means of identification, and not as a step in appellate pleading.' Franks v. United States Lines Co., 324 F.2d 126, 127 n. 1 (2 Cir. 1963); Val Marine Corp. v. Costas, 256 F.2d 911, 916 (2 Cir. 1958). Under the circumstances specification of the September 23 order in the notice of appeal could hardly have conveyed anything to Bancroft other than Chadade's unwillingness to accept the underlying September 14 decision. Bancroft was not misled by the notice of appeal, and, in fact, was put on notice of the issues to be raised by Chadade. See Holz v. Smullan, 277 F.2d 58, 61 (7 Cir. 1960). Furthermore, the notice of appeal, filed on November 10, 1964, was filed within ninety days of the September 14 order as required by 28 U.S.C. 2107.[4] Compare Gunther v. E.I. Du Pont De Nemours & Co., 255 F.2d 710 (4 Cir. 1958).
 
 
 8
 We turn now to Bancroft's alternative argument, that the decisions of the district court do not constitute 'final decisions' and hence are not appealable under 28 U.S.C. 1291. We agree.
 
 
 9
 In Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949), the Supreme Court held that a review of the order relating to security would come too late if it awaited termination of the litigation in the district court, as it would be
 
 
 10
 'Too late effectively to review the present order and the rights conferred by the statute (providing for security), if applicable, will have been lost, probably irreparably. * * * This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'
 
 
 11
 The order was held appealable. See also, Swift & Co. Packers v. Compania Del Caribe, 339 U.S. 684, 688-689, 70 S.Ct. 861, 94 L.Ed. 1206 (1950).
 
 
 12
 After its discussion of the 'collateral order' doctrine, the Court in Cohen went on to point out that not
 
 
 13
 'every order fixing security is subject to appeal. Here it is the right to security that presents a serious and unsettled question. If the right were admitted or clear and the order involved only an exercise of discretion as to the amount of security, a matter the statute makes subject to reconsideration from time to time, appealability would present a different question.' 337 U.S. at 547, 69 S.Ct. at 1226.
 
 
 14
 The security cases considered on appeal by the Supreme Court before final decision on the merits have revolved about issues concerning the power of the district court to render its decision, as distinct from the propriety of its exercise of discretion. For example, in Cohen the substantive issue was whether the New Jersey statute requiring security of certain stockholders bringing a derivative action, was to be applied in a federal court, under the Erie doctrine. In Washington-Southern Nav. Co. v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629, 44 S.Ct. 220, 68 L.Ed. 480 (1924), the issue was the proper interpretation of amended Admiralty Rule 50 as to when a stay could be granted on the failure of a libelant to post security in response to a counterclaim in an in personam action. In Swift & Co. Packers, supra, the issue was whether the district court had the power to determine whether the transfer of the vessel attached was fraudulent and hence whether the attachment was properly vacated.[5]
 
 
 15
 On the other hand, this appeal is concerned solely with the proper exercise of the broad discretionary powers granted to the district court under Admiralty Rule 50. No claim is made-- nor could one reasonably be made-- that the district court lacked authority under the statutes of the United States, or under the Admiralty Rules, to decide as it did. The sole claim here is that Judge Tenney was in error in permitting Bancroft to proceed without posting full security on the basis of the affidavits alleging insolvency and, alternatively, his failure to relieve Chadade of any requirement to post security upon the failure of Bancroft to post the required bond. The compromise reached by Judge Tenney was an exercise of his discretion in evaluating the strength of Bancroft's allegations of poverty, the necessity of security to insure payment of the respective claims, and the possibility of recovery on each of the claims.
 
 
 16
 We must note that our decision in Solomon v. Bruchhausen, 305 F.2d 941 (2 Cir. 1962), cert. denied, sub nom Isbrandtsen Co. v. Maximo, 371 U.S. 951, 83 S.Ct. 506, 9 L.Ed.2d 499 (1963), casts some doubt on the appealability of orders regarding security. While the situation there was somewhat different than that which we review here, we must say that as we are now advised,[6] we think the order there under review was appealable under the principles discussed in Cohen v. Beneficial Indus. Finance Co., supra. In Solomon the plaintiffs were seamen who brought suit for non-payment of wages and caused the defendant steamship company's vessels to be attached. The company filed a cross-libel alleging abuse of process by the plaintiffs in arresting the vessels. The district court directed the plaintiffs to post security for any damages which might be assessed in the cross-libel and directed that the plaintiffs be stayed from proceeding with the action until such security was posted. The plaintiffs, claiming they were unable to comply and that the cross-libel was improper, sought mandamus. We held that the district court should not have entertained such a cross-libel against seamen suing for wages and, noting sua sponte that the stay was not appealable, we granted the writ. The action of the district court in Solomon was an attempted exercise of a power which the court did not have and was appealable under Cohen as we have interpreted it in Fielding v. Allen, 181 F.2d 163 (2 Cir.), cert. denied, sub nom Ogden Corp. v. Fielding, 340 U.S. 817, 71 S.Ct. 46, 95 L.Ed. 600 (1950); Chabot v. National Securities Research, 290 F.2d 657 (2 Cir. 1961).
 
 
 17
 The appeal is dismissed.
 
 
 
 [1]
 Caribbean Cruise Lines, Inc. and its president, John E. Smith, Jr., alleged by Chadade to be agents of Bancroft on the charter party, were joined with Bancroft as respondents in the cross-libel. They are not party to this appeal
 
 
 [2]
 Rule 50. Security on cross-libel
 'Whenever a cross-libel is filed upon any counterclaim arising out of the same contract or cause of action for which the original libel was filed, and the respondent or claimant in the original suit shall have given security to respond in damages, the respondent in the cross-libel shall give security in the usual amount and form to respond in damages to the claims set forth in said cross-libel, unless the court for cause shown, shall otherwise direct; and all proceedings on the original libel shall be stayed until such security be given unless the court otherwise directs.'
 
 
 [3]
 While Rule 73(b) does not govern admiralty cases of its own force (see Rule 81, Federal Rules of Civil Procedure), it has been made applicable to admiralty cases by Rule 10 of the Rules of this court
 
 
 [4]
 Neither the interlocutory admiralty appeal provision of 28 U.S.C. 1292(a) (3), nor the concomitant 15-day period of 28 U.S.C. 2107, has any application to this appeal. See 6 Moore, Federal Practice P54.06(5) (2d ed. 1953)
 
 
 [5]
 In Seaboard & Caribbean Transp. Co. v. Hafen-Dampfschiffahrt, 329 F.2d 538 (5 Cir. 1964), the Fifth Circuit reviewed on the merits and affirmed a discretionary order releasing security upon failure to post cross-security and continuing the action as a security-free in personam libel. While the court's reasoning-- that the release amounts to a final disposition of an in rem action-- does not carry over to the orders in the case before us, we express no opinion on the result there reached
 
 
 [6]
 The issue of appealability under 28 U.S.C. 1291 was not raised or briefed by the parties in Solomon v. Bruchhausen