**DONLON INDUSTRIES, INC., Plaintiff-Appellee,**

v.

**Michael FORTE and Gerald Ehrlich, Defendants,**

and

**Tessel, Paturick & Ostrau, Inc., and Lionel Weiser, Defendants-Appellants.**

**Nos. 42/43, Dockets 32349/32350.**

United States Court of Appeals Second Circuit.

Argued Sept. 16, 1968.

Decided Oct. 4, 1968.

Robert Morvillo, Oceanside (Reavis & McGrath, New York City, Leonard M. Leiman, Stephen R. Steinberg, New York City, of counsel), for Defendants-Appellants Tessel, Paturick & Ostrau, Inc., and Lionel Weiser.

Alfred V. Greco, New York City (Frutkin & Frutkin, New York City; Louis B. Frutkin, New York City, of counsel), for Plaintiff-Appellee.

Before MOORE, FRIENDLY and FEINBERG, Circuit Judges.

FRIENDLY, Chief Judge:

In this action in the District Court for the Southern District of New York relating to the purchase of stock of Lieco, Inc., plaintiff alleged that defendants had violated § 17(a) of the Securities Act of 1933 and § 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 thereunder. Appellants Tessel, Paturick & Ostrau, Inc. (TPO) and Weiser, its vice-president, who asserted they were only intermediaries, moved to dismiss the complaint or, in the event that motion was denied, for an order pursuant to § 11(e) of the 1933 Act requiring plaintiff to provide an undertaking for defendants' costs, including rea-

sonable attorneys' fees.[1]  Treating the first branch of the motion as one for summary judgment and recognizing "that some of the documents attached to the moving parties' papers strongly suggest that when the facts are all established, the trier of the facts may find that plaintiff has no meritorious claim against Weiser and TPO," Judge Tyler declined to dismiss the complaint.  Stating that at this early stage he could not find that plaintiff's contentions respecting TPO and Weiser were without merit nor determine with certainty that plaintiff had sued them in bad faith, he denied the alternative motion for an undertaking.  The appeal is from that denial.

Although appellee had not challenged our jurisdiction, we raised this question at the argument as required.  Appellants' counsel responded with citations of the relevant authorities, including, with appropriate candor, the unfavorable one of Bancroft Nav. Co. v. Chadade S.S. Co., 349 F.2d 527 (2 Cir. 1965).

It is familiar law that, despite the "final decisions" requirement of 28 U.S.C. § 1291, orders denying applications for security are appealable when the court had considered itself without power to give the requested relief, Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 545–547, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), as are orders granting such applications when the appeal challenges the court's power.  Fielding v. Allen, 181 F.2d 163 (2 Cir.), cert. denied, 340 U.S. 817, 71 S.Ct. 46, 95 L.Ed. 600 (1950); Chabot v. Nat'l Securities and Research Corp., 290 F.2d 657 (2 Cir. 1961); Phelps v. Burnham, 327 F.2d 812 (2 Cir. 1964).  On the other hand, in Bancroft, supra, drawing on a caveat in Mr. Justice Jackson's opinion in Cohen, 337 U.S. at 547, 69 S.Ct. at 1226, we held that "an exercise of discretion as to the amount of security" was not appealable.  This case presents another variation—a district judge's exercise of discretion so as to deny any security.[2]  Is such a case attracted by Bancroft, whose language is broad enough to cover it,[3] or by Cohen?

1.  The pertinent provision of § 11(e) is: " * * * In any suit under this or any other section of this title the court may, in its discretion, require an undertaking for the payment of the costs of such suit, including reasonable attorney's fees, and if judgment shall be rendered against a party litigant, upon the motion of the other party litigant, such costs may be assessed in favor of such party litigant (whether or not such undertaking has been required) if the court believes the suit or the defense to have been without merit, in an amount sufficient to reimburse him for the reasonable expenses incurred by him, in connection with such suit, such costs to be taxed in the manner usually provided for taxing of costs in the court in which the suit was heard."

2.  Plaintiff did not dispute the judge's power to order security under § 11(e) of the 1933 Act, and the court assumed it had this.  As the issue is likely to arise in other cases, we register some dubieties on that score.  Since it is plain that the words "of this title" include only Title I of the 1933 Act, see 48 Stat. 74, § 11(e) has no application to an action solely under Rule 10b–5 of the Securities Exchange Act, McClure v. Borne Chemical

Co., 292 F.2d 824, 836–837 (3 Cir.), cert. denied, 368 U.S. 939, 82 S.Ct. 382, 7 L.Ed.2d 339 (1961); see also Fischman v. Raytheon Mfg. Co., 188 F.2d 783 (2 Cir. 1951).  Any power of the court to order an undertaking in this case must therefore derive from the reference in the complaint to § 17(a) of the 1933 Act.  For reasons developed in the writer's concurring opinion in SEC v. Texas Gulf Sulphur Co., 401 F.2d 833, 869 (2 Cir. 1968), there is serious doubt whether § 17 was intended to authorize the award of damages.  What seems entirely clear is that, in an action alleging violations of both the Securities Act and the Securities Exchange Act, the requirement of an undertaking must be limited to claims under the former.  Where, as here, only § 17(a) of the 1933 Act is invoked, the plaintiff would doubtless elect to proceed solely under Rule 10b–5.  See 3 Loss, Securities Regulation 1837 & n. 506 (1961), criticizing Dabney v. Alleghany Corp., 164 F.Supp. 28 (S.D. N.Y.1958).

3.  "The security cases considered on appeal by the Supreme Court before final decision on the merits have revolved about issues concerning the power of the district court to render its decision,

There are good arguments either way. It can be said, in support of appealability, that when the only question concerns the amount of security, the chance of serious error is too small to warrant appellate scrutiny, especially in light of the possibility of reconsideration to which Mr. Justice Jackson adverted in *Cohen;* in contrast a complete refusal of security may reflect a wholly erroneous approach which the judge is unlikely to alter on a further application and the error will thus go uncorrected until too late. Against this it can be argued that the power-discretion dichotomy is the more meaningful one in this area. Whether a court has power to require an undertaking is an issue of law, and an appellate decision will settle the matter not simply for the case in hand but for many others—as was notably true with the important issue in *Cohen.* In contrast, where the question is the propriety of an exercise of discretion in denying security, the factual variations are so numerous that a judgment on appeal can do little to establish meaningful standards. Furthermore, since review would be limited to "abuse" of discretion, the likelihood of reversal is too negligible to justify the delay and expense incident to an appeal and the consequent burden on hardpressed appellate courts. Despite some current inroads on the final judgment rule, as to which see D. Currie, Federal Courts 228–31 (1968), or perhaps because of them, we think that, in these days of sharply mounting appellate dockets, see The Federal Judicial System, 90th Cong.2d Sess., Sen. Rep.No.1175, p. 21 and Table 2, the considerations against appealability have the greater weight, and that the "collateral order" rule of *Cohen* should not be given an expansive reading, at least with respect to applications for security. Holding our *Bancroft* decision to be fairly applicable when a judge has exercised

as distinct from the propriety of its exercise of discretion." 349 F.2d at 529.

\*　　\*　　\*　　\*　　\*

"On the other hand, this appeal is concerned solely with the proper exer-

discretion to deny security, we dismiss the appeal for want of jurisdiction.

Appellants' counsel requested at argument that if we should so decide, we should consider the appeal as a request for mandamus and issue the writ. While the request is appropriate enough, see Int'l Prods. Corp. v. Koons, 325 F.2d 403, 407 (2 Cir. 1963), we do not—indeed may not—issue mandamus with respect to orders resting in the district court's discretion, save in most extraordinary circumstances not remotely presented here. See Will v. United States, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967).

No costs.

cise of the broad discretionary powers granted to the district court under Admiralty Rule 50." 349 F.2d at 529–530.