**WEIGHT WATCHERS OF PHILADEL-PHIA, INC., Plaintiff-Appellant,**

**v.**

**WEIGHT WATCHERS INTERNATION-AL, INC., Defendant-Appellee.**

**Docket 71-2158.**

United States Court of Appeals, Second Circuit.

Argued Jan. 4, 1972.

Decided Jan. 20, 1972.

Hammond & Schreiber, New York City (Alexander Hammond and Dale A. Schreiber, New York City, of counsel), for plaintiff-appellant.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for defendant-appellee.

Before FRIENDLY, Chief Judge, and MOORE and OAKES, Circuit Judges.

FRIENDLY, Chief Judge:

Defendant moves to dismiss, for want of appellate jurisdiction, an appeal by plaintiff from an order permitting the defendant to communicate, on terms stipulated by the district judge, with potential members of a class on whose behalf plaintiff seeks to maintain a class action. This is the latest but, we are sure, not the last case in which we must determine to what extent orders long antedating the final disposition of such suits are appealable.

The complaint, in the District Court for the Eastern District of New York, alleged that defendant is engaged in the business of maintaining a system of franchises, some 95 in number, in various parts of the United States to promote its standardized weight-reduction and weight-control programs and to resell various goods in connection therewith. Plaintiff holds the franchise for Philadelphia, Pennsylvania. The complaint alleged that defendant has imposed on plaintiff and the other franchisees maximum and, indeed, uniform prices, thereby causing damages of at least $15,000,000 to the class. Plaintiff asserted that the suit was maintainable as a class action under F.R.Civ.P. 23(b) (1), (2) and (3). In accordance with

local court rules, the action was assigned to Judge Bruchhausen, since he had previously been assigned a somewhat similar action, except for the lack of class allegations, wherein two other franchisees, Bergen Weight Watchers, Inc. and Weight Watchers of Hartford, Inc., sought large damages for alleged antitrust and other violations.

Shortly after the instant action was brought, Mr. Lippert, chairman of defendant's board of directors, sent a letter to all franchisees. This announced that defendant would vigorously defend both actions, that it was seeking evidence helpful to that end, and that, in its view, "Widespread publicity that any Franchisees claim that they preferred to charge more money to a highly sensitive obese population would surely have a detrimental effect on the image of WEIGHT WATCHERS." Later a similar letter was sent by defendant's president, Mrs. Nidetsch. These precipitated a motion by plaintiff asking the court to exercise its regulatory powers under F.R.Civ.P. 23(d) so as to restrain defendant from communicating with any member or potential member of the class concerning the action without prior approval of the court or of plaintiff's counsel, to direct defendant to send a letter of retraction in a form proposed by plaintiff, and to require defendant to file a report of any communications that had been had with members of the class. In Judge Bruchhausen's absence, this motion came on for hearing before Judge Costantino. The judge properly considered his duty to be to take only such action as he believed to be immediately required to preserve the *status quo* with a view to enabling Judge Bruchhausen to resume control upon his return. Taking note of the Suggested Local Rule No. 7 in the Manual for Complex and Multidistrict Litigation, and the Sample Pretrial Order 15, he directed that both plaintiff and defendant be restrained from further communications without the consent and approval of the court, in the form stated in Sample Pretrial Order 15. He reserved plaintiff's other requests for decision by Judge Bruchhausen, save for directing the parties not to respond to any communications concerning the action except to acknowledge receipt and to make certain limited answers.

Upon Judge Bruchhausen's return, defendant moved for a modification of Judge Costantino's order. The court granted this. Its order provided that defendant might conduct discussions with franchisees concerning the subject matter of the action "in connection with contract negotiations requested in each instance by the franchisee" and incorporate any conclusion in any agreement resulting therefrom. This permission was subject to the conditions that counsel for the franchisee should be present at each negotiating session and review any new contract provision, that plaintiff's counsel should receive at least five days advance notice of the commencement of any such negotiations and of each negotiating session and be afforded full opportunity to express their views concerning the rights of the franchisees with respect to the subject-matter of the action, and that the last negotiating session with each franchisee prior to execution of a contract should be held at the offices of defendant's counsel in New York City—a location convenient to plaintiff's counsel. Plaintiff's request for letters of retraction, which had been reserved by Judge Constantino, was denied. Plaintiff appealed from the order and moved for a stay. Upon defendant's announcing that it intended to move promptly to dismiss the appeal for want of appellate juridiction, the stay was granted.

■ It is obvious that the order is not a "final decision" within 28 U.S.C. § 1291, in the ordinary sense of finally determining the rights of the plaintiff and the class it seeks to represent against the defendant. Indeed it makes no determination bearing upon these in the slightest degree. Plaintiff's case for appealability under § 1291 thus rests on the assertion that the order falls within "that small class which finally determine

claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546–547, 69 S.Ct. 1221, 1225–1226, 93 L.Ed. 1528 (1949). We have often indicated that *Cohen* must be kept within narrow bounds, lest this exception swallow the salutary "final judgment" rule. See Bancroft Nav. Co. v. Chadade S.S. Co., 349 F.2d 527, 529–530 (2 Cir. 1965); Donlon Industries, Inc. v. Forte, 402 F. 2d 935, 937 (2 Cir. 1968); West v. Zurhorst, 425 F.2d 919 (2 Cir. 1970).

When we compare the order here sought to be appealed with others implicating *Cohen*, the inapplicability of that decision becomes clear. An order, like that of the district court in *Cohen*, which refused to apply a statute requiring an undertaking for costs by the plaintiff before the suit could be prosecuted, deprived the defendant of the very benefit the legislature arguably intended to confer. *Per contra* an order requiring such an undertaking when the court allegedly had no power to do this, as in Fielding v. Allen, 181 F.2d 163 (2 Cir.), cert. denied, 340 U.S. 817, 71 S.Ct. 46, 95 L.Ed. 600 (1950), and Chabot v. Nat'l Securities & Research Corp., 290 F.2d 657 (2 Cir. 1961), might prevent a plaintiff from entering the courtroom door. The order here can have no such drastic consequences. Its maximum effect, and this is wholly speculative, would be to cause settlements by so many franchisees—a course long favored by the law, *cf.* Williams v. First Nat'l Bank, 216 U.S. 582, 595, 30 S.Ct. 441, 54 L.Ed. 625 (1910)—as to eliminate the numerosity which F.R.Civ.P. 23(a) (1) makes a prerequisite to a class action, leaving plaintiff nonetheless free to prosecute its own individual claim, as

two other franchisees were already doing.

■ Another important factor bearing on the application of the *Cohen* doctrine, which we mentioned in *Donlon, supra*, 402 F.2d at 937, is whether a decision will settle a point once and for all, as it did in the *Cohen* case, or will open the way for a flood of appeals concerning the propriety of a district court's ruling on the facts of a particular suit. This case is of the latter sort. Plaintiff's attempt to escape this conclusion by asserting that once a plaintiff brings a suit on behalf of a class, the court may never permit communications between the defendant and other members, even when, as here, both desire this, is in conflict not only with Suggested Local Rule No. 7 and Sample Pretrial Order 15, but with elementary considerations of common sense—and possibly, although we need not decide this, with a command of higher authority as well. Indeed, we are unable to perceive any legal theory that would endow a plaintiff who has brought what would have been a "spurious" class action under former Rule 23 with a right to prevent negotiation of settlements between the defendant and other potential members of the class who are of a mind to do this;[1] it is only the settlement of the class action itself without court approval that F.R. Civ.P. 23(e) prohibits. *Cf.* Webster Eisenlohr, Inc. v. Kalodner, 145 F.2d 316, 320 (3 Cir. 1944) (Goodrich, J.) cert. denied, 325 U.S. 867, 65 S.Ct. 1404, 89 L. Ed. 1986 (1944).

■ Defendant properly relies also on our decisions, last reviewed in Korn v. Franchard Corp., 443 F.2d 1301, 1304– 1306 (2 Cir. 1971), that an order under F.R.Civ.P. 23(c) (1) refusing designation as a class action is not appealable unless it rings "the death knell" on the named plaintiff's ability to prosecute his own claim, even though there may be members of the class whose claims would

---

1. We do not here pass on the problem with respect to settlement that would exist when an action has been designated as a

class action under F.R.Civ.P. 23(c) (1) and a member of the class has not requested exclusion under F.R.Civ.P. 23(c) (2).

be too small to permit individual prosecution; it argues that if an order refusing class designation in this case would not have been appealable, the less serious action here taken cannot be. The *ad damnum* here alleged for the class and the fact that two other franchisees have felt able to proceed on their own, negate the possibility that successful negotiations with enough franchisees to eliminate the required numerosity for a class action, all of which is entirely speculative, would deprive plaintiff of its day in court. See Milberg v. Western Pacific R.R., 443 F.2d 1301, 1306–1307 (2 Cir. 1971), decided along with *Korn,* holding the death knell doctrine inapplicable when the named plaintiff and her husband had claims of $8,500. Indeed, plaintiff makes no contention of practical inability to proceed on its own behalf; rather it would distinguish *Milberg,* Caceres v. Int'l Air Transport Ass'n, 422 F.2d 141 (2 Cir. 1970), and City of New York v. Int'l Pipe & Ceramics Corp., 410 F.2d 295 (2 Cir. 1969), on the ground that the propriety of an order refusing class action designation can be considered on an appeal from the final judgment, whereas there will never be another chance for appellate consideration of the order here sought to be appealed. But we have often held that mere inability to secure review of an interlocutory order on appeal from the final judgment does not warrant permitting immediate review of such orders. See Flegenheimer v. General Mills, Inc., 191 F.2d 237 (2 Cir. 1951); Bancroft Nav. Co. v. Chadade S.S. Co., *supra,* 349 F.2d at 529–530; Donlon Industries, Inc. v. Forte, *supra*; West v. Zurhorst, *supra, cf.* Cushing v. Laird, 107 U.S. 69, 76, 2 S.Ct. 196, 27 L.Ed.2d 391 (1883). Congress has determined in its wisdom, and we think it was indeed wise, that some orders merely regulating the process of litigation can better be left to the unreviewable discretion of the district court rather than become the subject of appeal, whether from the interlocutory order or of the final judgment.

A second string to plaintiff's bow is that Judge Bruchhausen's order modified an injunction previously granted by Judge Costantino and thus is appealable under 28 U.S.C. § 1292(a) (1). This argument collides not only with the many decisions "that the mere presence of words of restraint or direction in an order that is only a step in an action does not make § 1292(a) (1) applicable," see cases cited in International Prods. Corp. v. Koons, 325 F.2d 403, 406 (2 Cir. 1963), but also with our explicit decision there "to continue to read § 1292(a) (1) as relating to injunctions which give or aid in giving some or all of the substantive relief sought by a complaint . . . and not as including restraints or directions in orders concerning the conduct of the parties or their counsel, unrelated to the substantive issues in the action, while awaiting trial." Such a principle is peculiarly applicable in this case where the "injunction" was granted on an interim basis and expressly contemplated subsequent modification by the judge to whom the action had been assigned.

Plaintiff responds with a claim that the International Products opinion was overruled *sub silentio* by its writer in Wolf v. Barkes, 348 F.2d 994, 995 (2 Cir.), cert. denied, 382 U.S. 941, 86 S.Ct. 395, 15 L.Ed.2d 351 (1965). There, with a mere reference to § 1292(a) (1), we took jurisdiction of an appeal from an order refusing to enjoin a corporation, which was a party to a stockholders' derivative action, from settling with certain defendants without compliance with what was then F.R.Civ. P. 23(c), now 23(e). The argument, while showing commendable diligence, is unsound. Apart from the fact that, as examination of the briefs confirms, the issue of appellate jurisdiction was not raised, the *Wolf* case is fairly distinguishable. So far as the settling defendants were concerned, the settlements there would destroy the claim plaintiffs

had asserted on behalf of the corporation, leaving only a considerably less attractive claim that in making the settlements the directors had again breached their duty. The requested injunction was thus directed at preserving the substance of plaintiffs' complaint from destruction by the corporation. Here, even if defendant should succeed in settling with so many franchisees that the court will be forced to deny class action status, plaintiff's complaint will remain untouched. As we have, in essence, already noted, plaintiff has no legally protected right to sue on behalf of other franchisees who prefer to settle; F.R. Civ.P. 23(e), requiring court approval of the dismissal or compromise of a class action, does not bar non-approved settlements with individual members which have no effect upon the rights of others. Cf. Webster Eisenlohr, Inc. v. Kalodner, *supra.*

Plaintiff concludes with the standard request that if we hold the order unappealable, we should treat the appeal as a motion for leave to file a petition for *mandamus.* We make the standard responses. We will so treat it, but will deny it, since the order was well within the wide range of discretion in the management of class actions necessarily accorded the district judge by F. R.Civ.P. 23(d). As said in Donlon Industries, Inc. v. Forte, *supra,* 402 F.2d at 937, "we do not—indeed may not—issue *mandamus* with respect to orders resting in the district court's discretion, save in most extraordinary circumstances not remotely presented here." See Will v. United States, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967); Pfizer, Inc. v. Lord, 449 F.2d 119 (2 Cir. 1971).

The motion to dismiss the appeal is granted. Treating the appeal as a request for leave to file a petition for *mandamus,* we deny it. We vacate the stay.