INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), Plaintiff-Appellee,

v.

NATIONAL CAUCUS OF LABOR COMMITTEES et al., Defendants-Appellants.

Motion No. 6, Docket 75–7470.

United States Court of Appeals, Second Circuit.

Argued Sept. 23, 1975.

Decided Nov. 12, 1975.

Roger L. Zissu, New York City (Cowan, Liebowitz & Latman, P. C.), for plaintiff-appellee.

Jay C. Carlisle, II, Buffalo, N. Y., for defendants-appellants. David S. Heller, New York City, for International Press Service and Campaigner Publications, Inc.

Before FRIENDLY, HAYS and FEINBERG, Circuit Judges.

HAYS, Circuit Judge:

Defendants seek review of an order below denying their motions for leave to take depositions by tape recorder pursuant to Fed.R.Civ.P. 30(b)(4). Should this Court find the order to be interlocutory

and therefore nonappealable, defendants seek review by way of mandamus. The appeal is dismissed and mandamus denied.

This suit involves a controversy between two labor organizations. Central to. the action are publications of each union—plaintiff's "Solidarity" and defendants' "New Solidarity." Plaintiff's complaint alleges that defendants' publication infringed their trademark and name and charges defendants with fraudulent conduct in order to discredit plaintiff. Defendants deny plaintiff's charges and plead various counterclaims, including libel and assault upon those who distribute "New Solidarity."

Plaintiff has taken several depositions which were recorded by the usual stenographic means. Defendants allege that the taking of depositions is essential to them and, claiming financial inability to take depositions before a reporter, moved for permission to tape record the depositions. Defendants contemplate the use of three tape recorders operated under the supervision of their counsel to ensure accurate recordings. One tape is to be deposited with the court, one tape given to plaintiff's counsel, and the third tape transcribed by a member of defendants' organization.

The district court referred the motion to a magistrate for hearing and recommendation. The magistrate found that the defendants had not made a convincing showing of financial inability to take depositions before a reporter, but did not rest his recommendation that the motion be denied on this point alone. The magistrate found that because the suit had serious political overtones there existed the possibility that the tapes would be abused, and indicated agreement with plaintiff's contention that the proposed recording and transcribing by persons interested in the outcome of the suit was most inadvisable. Additionally, the unusual circumstances of this case, the magistrate found, raised a danger that deposition discovery would be extended to unreasonable and possibly harassing limits, a danger which would hardly be abated by allowing alternate means of recordation.

On the basis of the magistrate's report and recommendation, as to which the court received no objection from counsel, the district court denied defendants' motions.

## I.

■ As a general rule orders denying or directing discovery are interlocutory and therefore not appealable except as part of a final decision disposing of an entire case on its merits. *See, e. g., Alexander v. United States,* 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686 (1906); *Browning Debenture Holders' Committee v. DASA Corp.,* 524 F.2d 811 (2d Cir. 1975); *United States v. Fried,* 386 F.2d 691 (2d Cir. 1967); *American Express Warehousing, Ltd. v. Transamerica Ins. Co.,* 380 F.2d 277 (2d Cir. 1967).

Defendants argue that the order from which they seek to appeal is "final" and appealable under 28 U.S.C. § 1291 because it is a final collateral order under the rule of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). While discovery orders are often "separable from, and collateral to rights asserted in the action," *Cohen,* supra at 546, 69 S.Ct. at 1225, they rarely satisfy the further requisites for appealability under the collateral order doctrine. *See, e. g., Browning Debenture Holders' Committee,* supra, (denial of motion to compel certain pretrial discovery proceedings and their recording on tape non-appealable); *Baker v. United States Steel Corp.,* 492 F.2d 1074 (2d Cir. 1974) (appeal of order that grand jury testimony be released to plaintiff dismissed); *International Business Machines Corp. v. United States,* 480 F.2d 293 (2d Cir. 1973) (*en banc*), *cert. denied,* 416 U.S. 980, 94 S.Ct. 2413, 40 L.Ed.2d 777 (1974) (order compelling production of documents contrary to claim of work-product immunity non-appealable); *American Express Warehousing,* supra, (appeal of order directing production of documents contrary to ap-

pellant's assertion of work-product privilege dismissed); *Horvath v. Letay,* 343 F.2d 463 (2d Cir. 1965) (appeal of order denying examination of non-party in aid of pre-judgment attachment dismissed).

■ To be appealable under *Cohen* an order must present "a serious and unsettled question," which is "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated" because awaiting final judgment would preclude effective review where rights asserted would be irreparably lost. 337 U.S. at 546–47, 69 S.Ct. 1221. This Court has repeatedly indicated that *Cohen* may not be abused by indiscriminate extension; that this limited exception "must be kept within narrow bounds," *Weight Watchers of Philadelphia, Inc. v. Weight Watchers Int'l., Inc.,* 455 F.2d 770, 773 (2d Cir. 1972) lest it destroy the salutary tenet of federal appellate procedure which prohibits piecemeal review. *West v. Zurhorst,* 425 F.2d 919 (2d Cir. 1970); *Donlon Industries, Inc. v. Forte,* 402 F.2d 935, 937 (2d Cir. 1968); *Bancroft Nav. Co. v. Chadade S. S. Co.,* 349 F.2d 527, 529–30 (2d Cir. 1965).

■ The order denying defendants preferred means of deposition recordation clearly does not fall within the limited ambit of *Cohen.* No rights will be irreparably lost by awaiting final decision. The order which defendants seek to appeal does not raise any critical issue of law necessitating immediate review. As we said in *Weight Watchers of Philadelphia,* an

> important factor bearing on the application of the *Cohen* doctrine, which we mentioned in *Donlon, supra,* 402 F.2d at 937, is whether a decision will settle a point once and for all, as it did in the *Cohen* case, or will open the way for a flood of appeals concerning the propriety of a district court's ruling on the facts of a particular suit.

455 F.2d at 773. *Accord, Ronson Corporation v. Liquifin Aktiengesellschaft,* 508 F.2d 399, 401–02 (2d Cir. 1974). On the peculiar facts attending this bitter suit the district judge determined that alternate means of recording depositions should not be allowed. Review of this determination would be responsive to nothing but the unique setting of this case. None of the considerations which compel the *Cohen* exception to the final judgment rule are present here. We thus do not reach the merits of the order and dismiss the appeal.

### II.

Defendants further request that we treat the appeal as a motion for leave to file a petition for mandamus if we find, as we have, that the order may not be appealed. While we will so treat it, *see Aaacon Auto Transport, Inc. v. Ninfo,* 490 F.2d 83, 84 (2d Cir. 1974); *Weight Watchers of Philadelphia, Inc. v. Weight Watchers Int'l., Inc.,* 455 F.2d 770, 775 (2d Cir. 1972); *International Products Corp. v. Koons,* 325 F.2d 403, 407 (2d Cir. 1963), mandamus is denied.

In an exceptional case where a questioned discovery order is "of extraordinary significance or there is extreme need for reversal," mandamus may provide an "escape hatch . . . from the finality rule." *American Express Warehousing, Ltd. v. Transamerica Ins. Co.,* 380 F.2d 277, 282 (2d Cir. 1967). The touchstones for review by mandamus however, are "usurpation of power, clear abuse of discretion and the presence of an issue of first impression." *Id.* at 283.

■ The order herein is clearly not a proper one for the issuance of mandamus. The order merely denies defendants their chosen means of discovery recordation. Fed.R.Civ.P. 30(b)(4) provides:

> The court *may* upon motion order that the testimony at a deposition be recorded by other than stenographic means, in which event the order shall designate the manner of recording, preserving, and filing the deposition, and may include other provisions to assure that the recorded testimony will be accurate and trustworthy. *If* the order is made, a party may neverthe-

less arrange to have a stenographic transcript made at his own expense. (Emphasis added).

Rule 30(b)(4) does not accord a party an absolute right to record depositions by other than stenographic means. To the contrary, it merely affords the district judge the discretion to allow such a procedure upon motion. As to orders which lie within the discretion of the district judge it is settled law in this Circuit that mandamus will not—indeed, may not— be issued except in the most extraordinary circumstances. *Weight Watchers of Philadelphia,* supra at 775; *Donlon Industries, Inc. v. Forte,* 402 F.2d 935, 937 (2d Cir. 1968).

Relying on *Colonial Times, Inc. v. Gasch,* 509 F.2d 517 (D.C. Cir. 1975), defendants contend that the district court's denial of their discovery motions constitutes an abuse of discretion. In *Colonial Times* the Court held that mandamus lies to compel the district judge to grant a Rule 30(b)(4) motion virtually identical to that of these defendants when, as they found, the district judge had misconstrued the nature of his discretion. The D.C. Circuit Court found that:

> the range of the trial judge's discretion under Rule 30(b)(4) is limited to those actions necessary to promote accuracy and trustworthiness. The judge may deny a movant's request under Rule 30(b)(4) only when he is convinced, after thorough examination of the movant's proposal and on the basis of the other party's specific objections and the judge's experience with the differing forms of depositions procedure, that the particulars of the request do not reasonably ensure accuracy equivalent to stenographic depositions.

1. *Colonial Times* relied on the Advisory Committee commentary on Rule 30(b)(4) which reads:

> In order to facilitate less expensive procedures, provision is made for the recording of testimony by other than stenographic means —e. g., by mechanical, electronic, or photographic means. Because these methods give rise to problems of accuracy and trustworthiness, the party taking the deposition is

509 F.2d at 522.

Even if we were to accept the *Colonial Times* construction of Rule 30(b)(4), there was no abuse of discretion in the case at bar which warrants the extraordinary remedy of mandamus. Implicit in the magistrate's recommendation and the decision below was the conviction that defendants' proposal would not adequately ensure accuracy. Moreover, we believe that *Colonial Times* misconceives the scope of the district judge's discretion on Rule 30(b)(4) motions. In the realm of discovery procedure district judges enjoy wide discretion. No reason is suggested in *Colonial Times* to explain why this discretion should be so constricted when a party moves under Rule 30(b)(4).[1]

It is not the function of mandamus to allow *ad hoc* appellate review of interlocutory orders when only error is alleged. We express no opinion on the merits of the order but rather, denying the petition, we once again reaffirm that mandamus is not available to circumvent the final judgment rule; it

> cannot 'be availed of to correct a mere error in the exercise of conceded judicial power,' but can be used only 'when a court has no judicial power to do what it purports to do—when its action is not mere error but usurpation of power . . . .'

*United States v. DiStefano,* 464 F.2d 845, 850 (2d Cir. 1972), quoting *De Beers Consolidated Mines, Ltd. v. United States,* 325 U.S. 212, 217, 65 S.Ct. 1130, 89 L.Ed. 1566 (1945). *See also, International Business Machines Corp. v. Edelstein,* slip op. 347 (2d Cir. October 30, 1975) (mandamus granted as to wholly collateral issues where trial judge's rulings

> required to apply for a court order. The order is to specify how the testimony is to be recorded, preserved, and filed, and it may contain whatever additional safeguards the court deems necessary.

This comment evidences concern for accuracy, but it would seem to be slim support for asserting that accuracy is the only factor a judge may consider in ruling on Rule 30(b)(4) motions.

and practices exceeded his authority and/or were entirely outside the permissible bounds of his discretion).