Barboni v. Republic of Argentina

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         ROSEMARY S. POOLER,
         PETER W. HALL,
                    **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X
**MARCELLO BARBONI,**
         **Plaintiff-Appellant,**

         **-v.-**                          16-1229

**THE REPUBLIC OF ARGENTINA,**
         **Defendant-Appellee.**

- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**                Robert J. Gaudet, Jr., RJ
                                  Gaudet & Associates LLC,
                                  Seattle, WA.

                                  Jenik Radon, Radon Law
                                  Offices, New York, NY.

1

**FOR APPELLEE:**                         Carmine D. Boccuzzi, Cleary
                                          Gottlieb Steen & Hamilton
                                          LLP, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Griesa, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the appeal be **DISMISSED** for lack of appellate jurisdiction.

Marcello Barboni ("Barboni") appeals from an interlocutory order of the United States District Court for the Southern District of New York (Griesa, J.), denying his request for a preliminary injunction or, in the alternative, a restricting order to bar the Republic of Argentina ("Argentina") from communicating or engaging in individual settlements with certain of its creditors.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Barboni filed this putative class action in July 2006 seeking to represent certain owners of interests in defaulted bonds issued by Argentina.  In May 2009, the district court certified the following class pursuant to Fed. R. Civ. P. 23(b)(3), naming Barboni as lead plaintiff:

> All persons who, from July 7, 2006 until the date of final judgment in this Court, have continuously held beneficial interests in the bond issued by the Republic of Argentina with ISIN XS0076397248, having maturity date of May, 2004 and coupon rate of LIBOR + 1.6 percent (the "Bond").  Excluded from the class are the Republic, all persons or entities that have initiated separate proceedings –- including, but not limited to, through individual claims asserted in this Court or through any other dispute resolution mechanisms (e.g. arbitration proceedings) –- based on alleged ownership of beneficial interests in the Bond, and all persons or entities that tendered their beneficial interests in the Bond in the exchange offer

2

offered by Defendant pursuant to a Prospectus dated December 27, 2004 and the Prospectus Supplement dated January 10, 2005.

App'x at 86.

In February 2016, Argentina issued a press release announcing a proposed framework and specific procedures for settling the claims of all holders of defaulted Argentine bonds (including, but not limited to, those who could qualify for the Barboni class).  Barboni responded with a motion for a preliminary injunction pursuant to Fed. R. Civ. P. 65 or a restricting order pursuant to Fed. R. Civ. P. 23(d), which the district court denied.

Barboni seeks appellate review of the district court's order, and predicates appellate jurisdiction on 28 U.S.C. §§ 1291 and 1292(a)(1).  Neither provision serves.

**1.**  The denial of Barboni's request for a preliminary injunction is not reviewable under 28 U.S.C. § 1292(a)(1).  Under section 1292(a)(1), "the courts of appeals shall have jurisdiction over appeals from: (1) interlocutory orders of the district courts . . . refusing or dissolving injunctions[.]"  However, the requested injunctive relief must be tied to the substantive relief sought by the complaint to qualify as an "injunction" under § 1292(a)(1).  See, e.g., HBE Leasing Corp. v. Frank, 48 F.3d 623, 632 (2d Cir. 1995) ("An order has the practical effect of granting injunctive relief within the meaning of section 1292(a)(1) if it is . . . designed to accord or protect some or all of the substantive relief sought by a complaint[.]") (internal quotation marks omitted); Weight Watchers of Phila., Inc. v. Weight Watchers Int'l Inc., 455 F.2d 770, 774 (2d Cir. 1972) (interpreting § 1292(a)(1) as applying only to "injunctions which give or aid in giving some or all of the substantive relief sought by a complaint . . . and not [to] restraints or directions in orders concerning the conduct of the parties or their counsel, unrelated to the substantive issues in the action, while awaiting trial" (internal quotation marks omitted)).  Barboni's requested preliminary injunction would have afforded no substantive relief for the breach of contract claim pursued in the complaint.  Rather, it seeks to

3

regulate the conduct of the parties and is entirely separable from the merits of Barboni's underlying claim. Therefore, it is unreviewable under § 1292(a)(1).

**2.** The denial of the request for a preliminary injunction or a restricting order under Rule 23(d) is not reviewable under 28 U.S.C. § 1291 because it is not a "final decision" and does not fall within "that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949). Barboni contends that the denial of relief constitutes a reviewable collateral order because Argentina might settle with so many potential class members as to defeat the numerosity required for a class action. In Weight Watchers, however, we concluded that the potential for loss of the requisite numerosity for a class action still leaves the plaintiff "free to prosecute [his] own individual claim." 455 F.2d at 773. Barboni likewise may continue to prosecute his individual claim (as may any other individual bondholder) even if the district court's order allowed the erosion of the numerosity required to maintain the class action. The fact that Barboni's class has been certified, unlike the class in Weight Watchers, does not change the analysis. Regardless of certification, the district court's order does not affect the rights of Barboni or other bondholders to pursue their breach of contract claims against Argentina.[1]

---

[1] Although a class has been certified here, no person can yet satisfy the class definition because there has been no final judgment. Therefore, there are currently no actual class members whose rights could be implicated by the district court's order denying Barboni's request for a preliminary injunction or restricting order. Furthermore, Barboni and his counsel have never sent any notice to potential class members nor taken any steps to inform potential class members of their right to opt out, notwithstanding that the class was certified over seven years ago.

4

Accordingly, we hereby **DISMISS** the appeal for lack of appellate jurisdiction.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK