**Mildred BARHAM, Plaintiff,**

v.

**IDM CORP., et al., Defendants.**

**Nos. C 75–238 A, C 76–603.**

United States District Court,
N. D. Ohio, E. D.

March 13, 1978.

Deborah Purcell Goshien, Cleveland, Ohio, for plaintiff.

Bernard J. Roetzel, Akron, Ohio, Dennis Haines, Youngstown, Ohio, for defendants.

MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

Plaintiff Mildred Barham has moved that in these actions the Court order that the testimony of witnesses deposed by plaintiff may be recorded by tape recorder, pursuant to Rule 30(b)(4), Fed.R.Civ.Proc.

Plaintiff relies in large part on *Colonial Times, Inc. v. Gasch,* 166 U.S.App.D.C. 184, 509 F.2d 517 (1975) which states in pertinent part:

> The range of the trial judge's discretion under Rule 30(b)(4) is limited to those actions necessary to promote accuracy and trustworthiness. The judge may deny a movant's request under Rule 30(b)(4) only when he is convinced, after thorough examination of the movant's proposal and on the basis of the other party's specific objections and the judge's experience with the differing forms of deposition procedure, that the particulars of the request do not reasonably ensure accuracy equivalent to stenographic depositions. 509 F.2d at 522.

■ The undersigned judge has previously espoused and still maintains the view that technological advances can and should inure to the benefit of those involved in litigation. *United States v. LaFatch,* 382 F.Supp. 630 (N.D.Ohio 1974). Nonetheless, this Court is also of the view that Rule 30(b)(4) of the Federal Rules of Civil Procedure makes it entirely discretionary with the trial judge whether to authorize the electronic recording of depositions. *Carter v. Joseph Bancroft & Sons Co.,* 360 F.Supp. 1103 (E.D.Pa.1973).

*Colonial Times* relied on the Advisory Committee commentary on Rule 30(b)(4) which reads:

> In order to facilitate less expensive procedures, provision is made for the recording of testimony by other than stenographic means—e. g. by mechanical, electronic, or photographic means. Because these methods give rise to problems of accuracy and trustworthiness, the party taking the deposition is required to apply for a court order. The order is to specify how the testimony is to be recorded, preserved, and filed, and it may contain whatever additional safeguards the court deems necessary.

While this comment evidences concern for accuracy, it is slim support for asserting that accuracy is the only factor a judge may consider in ruling on a Rule 30(b)(4) motion. *UAW v. National Caucus of Labor Committees,* 525 F.2d 323 (2d Cir. 1975).

■ In accord with *UAW v. National Caucus of Labor Committees, supra,* this Court believes *Colonial Times* misconceives the scope of the district judge's discretion on Rule 30(b)(4) motions. The Court has available in ruling on Rule 30(b)(4) motions the normally wide discretion it has in the realm of discovery procedure.

■ While not in accord with the rationale of *Colonial Times,* this Court is of the view that the better practice is to permit the electronic recordation of depositions whenever reliability and trustworthiness of the recordation can be assured. It has been held that recordation of depositions by other than stenographic means is permissible where a method and procedure for recording the depositions reasonably acceptable to the Court and to all parties can be achieved. *Jarosiewicz v. Conlisk,* 60 F.R.D. 121 (N.D. Ill.1973).

■ Defendant has made no reply or objection to plaintiffs' motion and proposed order for recordation of deposition testimony by other than stenographic means. However, the Court is not fully satisfied that plaintiffs' proposed order sufficiently assures the accuracy and trustworthiness of the recordation of the testimony. Accordingly, the Court grants plaintiffs' motion to record the depositions of Mr. Rennick Andreoli, Ms. Reba Zivow, Mr. Robert Reese, Mr. Peter Rozee and others by electronic tape recorder if, and only if, such recordation is done in the following manner:

1. A neutral party (either a court reporter of this U.S. District Court or an officer authorized to take depositions in the State of Ohio [See § 2319.10, O.R.C.]) will be present to coordinate the deposition, swear in witnesses, and attest to the reliability and trustworthiness of the recordation of the deposition.

2. Said neutral party, and only that neutral party, will prepare any necessary transcript of the deposition and attest to its authenticity.

3. Two tape recorders, operated by the neutral party, will be used to produce two original tape recordings of the entire deposition.

4. The equipment used must be of sufficient quality to produce an accurate and trustworthy record.

5. Only one person will speak at any given time. Whenever necessary for clarity of the record, the speakers shall identify themselves.

6. At the end of the deposition, it shall be stated: "This is the end of the deposition," and the date and time will be announced.

7. At the end of the deposition, the neutral party will label one (1) of the tape recordings "work copy" and one (1) of the tape recordings "reference copy." The neutral party will review each tape recording to assure that it is an accurate recordation of the entire deposition. The "reference copy" is to remain in possession of the neutral party and is to be used only for purposes of preparing a written transcription. The "work copy" is to be made available to counsel upon request.

IT IS SO ORDERED.