[Civ. No. 3936. Fifth Dist. Apr. 4, 1978.]

PAUL SHEROD BAILEY, Petitioner, v.
THE SUPERIOR COURT OF KERN COUNTY, Respondent;
SEARS, ROEBUCK & COMPANY et al., Real Parties in Interest.

---

**COUNSEL**

Borton, Petrini & Conron and Jon E. Stuebbe for Petitioner.

No appearance for Respondent.

Robert D. Patterson, Jr., for Real Parties in Interest.

---

**OPINION**

**BROWN (G. A.), P. J.**—Paul Sherod Bailey's petition for a writ of mandate presents the issue of whether Code of Civil Procedure sections 2031 and 2034 authorize an order compelling a party litigant to reenact an accident so that the adverse party may make a motion picture of the reenactment.

Petitioner Bailey filed a personal injury complaint against real parties, Sears, Roebuck & Company and Emerson Electric Co., alleging that they negligently designed and constructed a radial arm saw which Sears sold to petitioner, which negligence proximately caused the severing of four fingers on petitioner's right hand while he was operating the saw. At an earlier juncture in this litigation, respondent, on real parties' motion, ordered a videotaped reenactment of the circumstances of the accident to supplement petitioner's oral deposition as to how the accident occurred. In *Bailey* v. *Superior Court* (1977) 19 Cal.3d 970 [140 Cal.Rptr. 669, 568 P.2d 394], the Supreme Court granted a writ of prohibition directing respondent to quash its order, holding that, absent a stipulation of the parties, videotape may not be used to record and report the proceedings of a deposition.

After the Supreme Court so ruled, real parties filed a "Notice of Motion for Order Requiring Party to Appear and Reenact Circumstances of Accident and to Permit the Photographing of Same and to Enter Upon Property for Such Purposes." The motion was based on the purported authority of Code of Civil Procedure sections 2031 and 2034. It asked for an order directing petitioner to appear at the place and premises where the accident occurred and "then and there perform a reenactment of the circumstances of the loss giving rise to his claim" under circumstances which would be substantially similar in all pertinent details to the circumstances of the accident. The motion further requested that the order authorize real parties to record the reenactment either by motion picture, still photographs, or drawings. Respondent court granted the motion and in fact authorized the recordation of the reenactment by "one or more movie cameras at locations on the premises selected by defendants."

Code of Civil Procedure section 2031, subdivision (a), provides for the production, "inspection and copying or photographing . . . of any designated documents, papers, books, accounts, letters, photographs, objects or tangible things, not privileged, which are relevant to the subject matter of the action, or are reasonably calculated to discover admissible evidence . . . ." Subdivision (b) provides that in the event of noncompliance with the request for such discovery, an order of compliance may be sought pursuant to section 2034, which in turn provides for a compliance order upon good cause shown.

In brief, petitioner contends that the order herein is an improper circumvention of the present limitations of the deposition as a

discovery mechanism, as delineated by the Supreme Court in *Bailey* v. *Superior Court, supra.* In other words, while the order purports to be based upon the authority of the court to order the photographing of objects or things, in fact it requires petitioner to make a *nonverbal statement* as to the accident at issue so that the statement may be visually recorded. Real parties argue that *Shepherd* v. *Superior Court* (1976) 17 Cal.3d 107 [130 Cal.Rptr. 257, 550 P.2d 161] is authority for such a procedure. In *Shepherd,* a wrongful death action against certain peace officers, the Supreme Court held that Code of Civil Procedure sections 2031 and 2034 permitted an "order requiring the defendants to be photographed in the clothing they wore on the night of the subject incident." (17 Cal.3d at p. 119.) Petitioner Shepherd sought to use the photographs as an aid in interviewing witnesses.

The distinction between *Shepherd* and the instant case is clear. There, the order sought did not require a reenactment of any activities. Compliance with the order took a purely nontestimonial form. The officers were simply sought as physical objects or sources of evidence, as in, for example, a blood sample, a photographic identification, or an in-person identification. In the instant case, the order requires a testimonial compliance. An overview of the California discovery statutes makes clear that the Legislature intended the deposition, either oral or through written interrogatories, to serve as the exclusive mechanism for testimonial forms of discovery. However, as *Bailey* held, the Legislature did not provide for the recordation of deposition testimony by visual means absent stipulation of the parties. Likewise, the Legislature did not intend to authorize the production and copying provisions (Code Civ. Proc., § 2031) as a further means of compelling testimony, whether in verbal or nonverbal form, from a party.

We hasten to add that section 2031 does not authorize the compelled reenactment of an event whatever the proposed means of visual recordation—motion pictures, still photographs, drawings, videotape, or other. It is the testimonial nature of the proposed discovery, not the means of recordation, which causes the instant case to fall outside the scope of section 2031.

A peremptory writ of mandate is proper (Code Civ. Proc., § 1088; see *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165]; *Bolles* v. *Superior Court* (1971) 15 Cal.App.3d 962, 963-964 [93 Cal.Rptr. 719]) and should issue.

Let a peremptory writ of mandate issue directing the respondent court to quash its order granting the motion of real parties, Sears, Roebuck & Company and Emerson Electric Co., to require petitioner to reenact the accident and to permit real parties to photograph same.

Chargin, J.,* concurred.

FRANSON, J.—I respectfully dissent. In my view this case comes within the purview of *Shepherd* v. *Superior Court* (1976) 17 Cal.3d 107 [130 Cal.Rptr. 257, 550 P.2d 161], wherein the Supreme Court held that Code of Civil Procedure section 2031, subdivision (a), authorized the photographing of police officers in the clothes they wore on the night of the shooting to facilitate the interviewing of witnesses. I find unconvincing the majority's attempt to distinguish the present discovery order from the one in *Shepherd* on the basis that the present order requires a reenactment of the activity leading to plaintiff's injuries.

It is well settled that the California discovery statutes are to be liberally construed in favor of disclosure unless statutory or strong public policy considerations clearly prohibit it. (*Shepherd* v. *Superior Court, supra,* 17 Cal.3d at p. 118.) As stated in *Pacific Tel. & Tel. Co.* v. *Superior Court* (1970) 2 Cal.3d 161, 171 [84 Cal.Rptr. 718, 465 P.2d 854]: "Appellate courts must keep the liberal policies of the discovery statutes equally in mind when reviewing a decision *granting* discovery. In this context, absent a showing by the petitioner that a substantial interest will be impaired by the discovery, the liberal policies of the discovery rules will generally counsel against overturning the trial court's decision granting discovery." (Original italics.) I find no substantial interest of petitioner that would be impaired by permitting the discovery.

I would deny the writ.

The petition of the real parties in interest for a hearing by the Supreme Court was denied June 1, 1978.

---

*Assigned by the Chairperson of the Judicial Council.