**Wilfred ROBERTS and Lois Roberts, Husband and Wife, Plaintiffs,**

v.

**HOMELITE DIVISION OF TEXTRON, INC., Defendant.**

**Civ. No. H 85–183.**

United States District Court, N.D. Indiana, Hammond Division.

March 25, 1986.

Joel C. Levy, Michael D. Sears, Highland, Ind., for plaintiffs.

Edward N. Kalamaros, South Bend, Ind., for defendant.

## ORDER

ANDREW P. RODOVICH, United States Magistrate.

This matter has been referred to the Magistrate by the District Court pursuant to 28 U.S.C. § 636(b)(1)(A) for ruling on the Motion for Order Approving the Recording of Depositions by Video Tape filed by the defendant, Homelite Division of Textron, Inc., on December 2, 1985. It is hereby ORDERED that the motion be GRANTED.

### Factual Background

On February 14, 1985, the plaintiffs, Wilfred Roberts and Lois Roberts, filed a complaint against the defendant, Homelite Division of Textron, Inc. (hereafter Homelite), seeking compensation for personal injuries sustained by Wilfred Roberts (hereafter Roberts) while attempting to start a lawn mower. The complaint alleges that Roberts, an authorized dealer of Jacobsen lawn mowers, lost a portion of his left hand while servicing a lawn mower prior to its sale. Homelite, as manufacturer of the lawn mower, allegedly is liable for the injuries based upon principles of products liability.

The underlying facts supporting Roberts' claim disclose that on July 13, 1983, Roberts received a Jacobsen lawn mower at his place of business. Upon unpacking the lawn mower, Roberts attempted to start it, but the mower neither started nor turned over. Roberts then placed the lawn mower on a workbench, and with the aid of Paul Kurzja, made an attempt to start the engine. While on the workbench, the mower started, "lurched" forward, and the blades struck a portion of Roberts' left hand, resulting in serious injury.

On December 2, 1985, Homelite filed a Motion for Order Approving the Recording of Depositions by Video Tape pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure. Homelite seeks an order permitting it to take the depositions of the plaintiff, Wilfred Roberts, and his assist-

ant, Paul Kurzja. Homelite requests that the deposition be taken at the place where the accident occurred with both the workbench and lawn mower involved in the accident being available. Apparently Homelite intends to re-enact the incident as it occurred on July 13, 1983, to aid in its determination of what exactly occurred on that date. In support of its motion and in the interest of reliability and economy, Homelite set forth specific suggested procedures to be followed by the parties during the video tape session.

On December 16, 1985, Roberts filed a memorandum in opposition to the Rule 30(b)(4) motion. Roberts opposes the video taped deposition based upon Homelite's failure to establish (1) that either witness will be unavailable to testify at trial or (2) that the use of the video tape will reduce the cost of taking depositions. Roberts argues that the use of a video taped deposition will not aid in the discovery process and that Homelite has failed to provide the Court with sufficient safeguards to assure the accuracy and trustworthiness of the depositions. Finally, it is alleged that an attempt to re-enact the incident constitutes an improper discovery procedure.

### Discussion

Pursuant to its Rule 30(b)(4) motion, Homelite seeks to take the depositions of Wilfred Roberts and Paul Kurzja by "other than stenographic means." Rule 30(b)(4) provides:

The parties may stipulate in writing or the court may upon motion order that the testimony at a deposition be recorded by other than stenographic means. The stipulation or order shall designate the person before whom the deposition shall be taken, the manner of recording, preserving and filing the deposition, and may include other provisions to assure that the recorded testimony will be accurate and trustworthy. A party may arrange to have a stenographic transcription made at his own expense.

The rule contemplates only two methods for non-stenographic recording of a deposition: (1) a stipulation by the parties in writing or (2) a court order approving an alternative method. *Westmoreland v. CBS, Inc.,* 770 F.2d 1168, 1175 (D.C.Cir. 1985).

█ Rule 30(b)(4) does not authorize any party to video tape a deposition as a matter of right. This is reflected by the Advisory Committee in their notes to the 1980 amendments to the rule:

*Subdivision (b)(4).* It has been proposed that electronic recording of depositions be authorized as a matter of course, subject to the right of a party to seek an order that a deposition be recorded by stenographic means. The Committee is not satisfied that a case has been made for a reversal of present practice. The amendment is made to encourage parties to agree to the use of electronic recording of depositions so that conflicting claims with respect to the potential of electronic recording for reducing costs of depositions can be appraised in the light of greater experience.

█ Neither the rule itself nor the notes of the Advisory Committee list the criteria which the trial court should use in exercising its discretion under Rule 30(b)(4). Although a conflict exists among the federal courts as to the proper range of discretion,[1]

---

1. In *Colonial Times, Inc. v. Gasch,* 509 F.2d 517, 522 (D.C.Cir.1975), the court addressed the extent of a tribunal's discretion in ruling on a Rule 30(b)(4) motion stating:

Thus, the range of the trial judge's discretion under Rule 30(b)(4) is limited to those actions necessary to promote accuracy and trustworthiness. The judge may deny a movant's request under Rule 30(b)(4) only when he is convinced, after thorough examination of the movant's proposal and on the basis of the other party's specific objections and the judge's experience with the differing forms of deposition procedure, that the particulars of the request do not reasonably ensure accuracy equivalent to stenographic depositions.

*See also Westmoreland v. CBS, Inc.,* 770 F.2d 1168 (D.C.Cir.1985).

The better view, and the one adopted by this Court, can be found in *Barham v. IDM Corp.,* 78 F.R.D. 340, 341 (N.D.Ohio 1978), where, in expressly rejecting the *Colonial Times* case, the court stated:

In accord with *UAW v. National Caucus of Labor Committees,* [525 F.2d 323 (2nd Cir.

the better reasoned view gives the trial court the same discretion which it enjoys in resolving all other discovery disputes.

■ The only possible guidance provided by the Advisory Committee in exercising this broad discretion in a Rule 30(b)(4) motion is found in the following note to the 1970 amendments:

*Subdivision (b)(4).* In order to facilitate less expensive procedures, provision is made for the recording of testimony by other than stenographic means—*e.g.*, by mechanical, electronic, or photographic means. Because these methods give rise to problems of accuracy and trustworthiness, the party taking the deposition is required to apply for a court order. The order is to specify how the testimony is to be recorded, preserved, and filed, and it may contain whatever additional safeguards the court deems necessary.

A reading of the 1970 Advisory Committee Notes emphasizes the importance of cost reduction factors, as well as the accuracy and trustworthiness of the non-stenographic recording. A reading of the 1980 Advisory Committee Notes emphasize free experimentation and the benefits to be derived from technological advancements in the recording field.

In addition to considering cost, accuracy, and experimentation, case law indicates that the availability of the witness to testify at trial is relevant to a court's determination. *See Sandidge v. Salem Offshore Drilling Co.*, 764 F.2d 252, 259 n. 6 (5th Cir.1985) and cases cited therein. Video taped depositions are advantageous

[i]n that the finder of fact at trial often will gain greater insight from the manner in which an answer is delivered and recorded by audio-visual devices. Moreover, a recording, a video tape, or a motion picture of a deposition will avoid the tedium that is produced when counsel read lengthy depositions into evidence at the trial.

Wright and Miller, 8 *Federal Practice and Procedure*, § 2115 at 426 (1985 Supp.).

■ Roberts argues that this motion should be denied because Homelite has failed to demonstrate that either deponent will be unavailable at trial. Although the unavailability of a deponent at trial weighs in favor of permitting a party to video tape a deposition, it is not a dispositive factor. The pending motion involves the right of a party to utilize non-stenographic equipment to aid in the discovery process. The availability of a deponent to testify at trial, although relevant, is a factor more appropriately to be considered if and when the video tape is offered for use at trial. Since this motion addresses only a "discovery" deposition, the availability or unavailability of the deponent is not critical.

■ The final objection, and perhaps the most important, involves the propriety of re-enacting an incident through the use of video tape procedures. A diligent search of the applicable case law revealed only one case addressing that issue. In *Carson v. Burlington Northern, Inc.*, 52 F.R.D. 492 (D.Neb.1971), the plaintiff was injured when a steel press came down on his right hand, resulting in its partial amputation. The defendants filed a motion to take a video taped deposition. The purpose of video taping the deposition was to demonstrate the manner in which the plaintiff operated the machine at the time of and immediately prior to the accident. The motion was granted, subject to the following conditions:

The taking of the deposition is made subject to the qualification that plaintiff shall not be requested to actually touch or operate the machine in question. Instead, he shall be furnished with a suitable pointer to show the manner in which he operated the machine on the day of the accident or can use any other means agreed to by counsel. In addition, the

1975) ], this Court believes that *Colonial Times* misconceives the scope of the district judge's discretion on Rule 30(b)(4) motions. The Court has available in ruling on Rule 30(b)(4)

motions the normally wide discretion it has in the realm of discovery procedures.
*See also Perry v. Mohawk Rubber Company,* 63 F.R.D. 603, 604 (D.S.C.1974).

cameraman and the person making the sound recording, if other than the cameraman, shall take an oath to accurately and in a trustworthy manner photograph and record the proceeding. He shall photograph and record in sound all of the proceedings requested by either counsel and shall certify the correctness and completeness of the developed film and the sound recording in the manner a stenographic reporter certifies the typed record of a deposition and thereupon immediately filed an original suitable to be shown and heard in court with the Clerk of this Court to be preserved as exhibits are preserved by the Clerk.

*Carson*, 52 F.R.D. at 493.

With proper safeguards, the requested video tape is a proper procedure to be used in this case. Applying the above-mentioned criteria, the facts weigh heavily in favor of granting Homelite's Rule 30(b)(4) motion. Consistent with the policy decision made by other federal courts, this Court believes that "experimentation with this newly authorized procedure should be encouraged rather than blocked." *Jarosiewicz v. Conlisk*, 60 F.R.D. 121, 125 (N.D.Ill. 1973). The defendant will shoulder the additional costs of video taping, and the procedures suggested by the defendant in its Rule 30(b)(4) motion will assure its accuracy. The facts of this case are such that video taping the deposition will assist the parties in a better understanding of what occurred on July 13, 1983. However, it does not automatically follow that the video taped depositions taken for discovery purposes are admissible into evidence at trial.

Although the *Carson* guidelines raise legitimate concerns for the safety of the deponents, they should not be applied rigidly. As such, the parties are not restricted from actually touching the mower. However, the re-enactment must be conducted so that the safety of the parties is in no way jeopardized. In addition to conducting the re-enactment with utmost safety in mind, the parties are bound by the following guidelines:

1. The depositions will be conducted by Olmsted & Associates, C.S.R., 833 East North Side Boulevard, South Bend, Indiana 46624, the service suggested by the defendant. They are authorized to place the deponents under oath and are to certify in writing that they have done so. Olmsted & Associates are ordered to take an oath to record all proceedings accurately, completely and in confidence and to certify the correctness and completeness of the recording.

2. A conventional stenographic recording of the depositions will be made simultaneously with the video tape recording. The stenographic recording and the transcript thereof will be made at the defendant's expense.

3. Matters of staging and photographic technique, such as the use of a zoom lens, the angle of the camera, and the background, shall be determined by the party conducting the deposition, here the defendant. The plaintiff may make suggestions regarding such matters to the party conducting the deposition, and if these suggestions are not heeded, the parties may place their objections on the record.

4. The video tape will run continuously throughout the depositions, from beginning to end; the video taping shall not be discontinued during colloquy among counsel; later editing will be ordered, if necessary, if the video tapes are admitted into evidence at trial.

5. The party conducting the video tape deposition will prepare a log index, which shall include the subject matter being explored, cross-referenced to the digital reading on the digital counter of the video tape equipment, a list of exhibits and names of all persons and parties present at the video tape depositions.

6. Only the parties, the witnesses, their counsel, and persons necessary to conduct the depositions or to assist the parties and counsel are permitted to attend the video tape depositions.

7. The defendant shall bear the cost of the video tape depositions and the prepara-

tion of the log index, but in the event of unnecessary prolonged cross-examination, the Court may, upon request, require plaintiffs to pay a fair share of the deposition costs.

8. The original of the video tape and the original of the stenographic recording will be filed with the Clerk of Court and all exhibits identified during the depositions will be annexed to the original of the stenographic recording, to the extent practicable.