**Judi KIRALY and Michael McDonough**

v.

**BERKEL, INC.**

**Civ. A. No. 88–2701.**

United States District Court,
E.D. Pennsylvania.

Sept. 22, 1988.

Frank W. Baer, Anthony D. Reagoso & Assoc., Media, Pa., for plaintiffs.

Warren E. Voter, Sweeney, Sheehan & Spencer, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

VAN ANTWERPEN, District Judge.

This is a products liability action in which plaintiff alleges that defendant's meat slicer injured her hand. In the instant matter, defendant moves this court for an order compelling a video taped reenactment of plaintiff's accident. Plaintiff objects. For the reasons stated below, we will grant defendant's motion.

Fed.R.Civ.P. 30(b)(4) allows a court to order a videotaping of a deposition:

"... the court may upon motion order that the testimony at a deposition be recorded by other than stenographic means. The stipulation or order shall designate the person before whom the deposition shall be taken, the manner of recording, preserving and filing the deposition, and may include other provisions to assure that the recorded testimony will be accurate and trustworthy."

Courts have encouraged a liberal application of this provision: " 'Experimentation with Rule 30(b)(4)'s duly authorized procedure should be encouraged rather than blocked....' " *Colonial Times, Inc. v. Gasch*, 509 F.2d 517 (D.C.Cir.1975). Two cases have specifically dealt with question whether to videotape a plaintiff reenacting her accident, and in both cases, the court found that the usefulness of the procedure outweighed the potential prejudice to the plaintiff. In *Roberts v. Homelight Division of Textron, Inc.*, 109 F.R.D. 664 (N.D. Ind.1986), the plaintiff injured his hand while attempting to start the defendant manufacturer's lawn mower. The court found that a videotaped reenactment would "assist the parties in a better understanding of what occurred" on the day of the accident. *Id.* at 668. Similarly, in *Carson v. Burlington Northern, Inc.*, 52 F.R. D. 492, 493 (D.Neb.1971), the court ordered a videotaped reenactment of the plaintiff's injurious encounter with defendant's steel press—"for the purpose of showing the manner in which plaintiff approached and operated the machine...."

In the instant matter, defendant requests the reenactment for reasons identical to those discussed in the above cases. Specifically, defendant argues that the videotape would aid its evaluation of the case and enhance the "recordation and memorialization process intended by discovery." Defendant further argues that mere notes of testimony would not as accurately and usefully represent the plaintiff's recollection of the accident. While we agree with defendant's position, we share the concerns plaintiff expresses in her objections to defendant's motion. We will address those objections and attempt to alleviate plaintiff's concerns.

Plaintiff argues that this motion should be denied because defendant failed to show that the deponent would be unavailable for trial. While unavailability is a factor, we do not consider it dispositive. This motion is a request for discovery rather than an offer for the videotape's admissibility at trial; thus, as an aid to the parties in evaluating the case before trial, the availability of the deponent at trial is not critical. *Roberts*, 109 F.R.D. at 667.

Plaintiff also argues that under the defendant's proposal we cannot ensure the accuracy and trustworthiness of the reenactment. Plaintiff argues that if we grant defendant's motion we should require that the deponent use the injury-causing machine at the injury location, and that in reenacting the accident the deponent should use a pointer rather than touch the machine. We will order that defendant produce the injury-causing machine, but we have been given no reason which would require that the demonstration take place in the injury location. The use of the actual machine should be sufficient to recreate the circumstances of the injury. Moreover, the deponent shall not be restricted to the use of a pointer in her demonstration. Defendant has assured the court that it can take the necessary steps to make the machine safe for this procedure. We feel the deponent can more accurately and realistically reenact the accident if she is permitted to touch the machine.

Plaintiff is also concerned with the additional costs of the videotaped reenactment. Defendant, however, has agreed to bear that financial burden, and we will order defendant to do' so. Thus, for the reasons stated above, defendant's motion will be granted.

An appropriate order outlining the procedures to be employed in staging the reenactment follows.

### ORDER

AND NOW, this 22nd day of September, 1988, upon consideration of MOTION TO COMPEL VIDEOTAPED REENACTMENT OF PLAINTIFF'S ACCIDENT filed by defendant on August 2, 1988, PLAINTIFF'S ANSWER thereto filed August 11, 1988, and DEFENDANT'S SUPPLEMENTAL MEMORANDUM filed August 12, 1988, it is hereby ORDERED that DEFENDANT'S MOTION is GRANTED provided that the parties are bound by the following:

1. the cameraperson shall take an oath to accurately and in a trustworthy manner photograph and record the reenactment. She shall photograph and sound record all of the proceedings either counsel requests and shall certify the correctness and completeness of the video;

2. matters of staging and photographic technique shall be determined by the party conducting the deposition, here the defendant. The plaintiff may make suggestions regarding such matters, and if these suggestions are not heeded, the parties may make appropriate objections on the record;

3. a conventional stenographic recording must be made simultaneously with the videotaped reenactment. The stenographic recording and the transcript thereof will be made at the defendant's expense;

4. the parties must use the actual machine which allegedly caused the injury. The defendant shall supply the machine and ensure its safety; and

5. the defendant shall bear the cost of the videotaped depositions.