## Spraglin v. MHK Associates

*Stephen M. Greecher Jr.,* for plaintiffs.

*George B. Faller,* for defendant S. I. Handling Systems Inc.

HESS, *J.,* October 19, 1993—This matter is before the court on the motion of defendant, S.I. Handling Systems Inc., to compel a videotape deposition of the plaintiff during which he will be required to reenact the accident which caused his injury. The plaintiff was an employee at the New Cumberland Army Depot and was injured when he was struck by an automated cart and had his knee pinned or crushed in some fashion thereby. For the purposes of this motion, it was agreed that the defendant and moving party herein, S.I. Handling Systems Inc., had received a $13.1 million subcontract for creating and installing a towline conveyor system by which items stored at a distribution center were able to be conveyed within the center in an automated fashion. This involved moving items by carts which, in turn, moved along tracks on the floor of the building. The plaintiff contends that he was struck by one of the automated carts when it left the tracks.

Videotape depositions may be taken as a matter of right in Pennsylvania. Pa.R.C.P. 4017.1 provides, in pertinent part, that:

"Any deposition taken upon oral examination may be recorded by videotape. Except as provided by this rule, the rules of this chapter governing the practice and procedure in depositions in discovery shall apply."

The defendants in the present case, however, not only request that an oral deposition be videotaped but that it be videotaped at the scene of the plaintiff's alleged injury. They make this request because of the novelty of the equipment that allegedly caused the plaintiff's injury, the mechanics of the injury, and the fact that none of the defendant's employees witnessed the accident. During the hearing on this motion, it was not disputed that defendants have ascertained that the location is available for such a deposition through an attorney from the Department of Defense. The Department has also agreed that it would comply with any order requiring the plaintiff to re-create the injury, despite their subrogation interest in plaintiff's workers' compensation payments. The defendant also claims that the reenactment can be performed with the carts adjusted in a manual mode thereby eliminating any risk of further injury to the plaintiff. Plaintiff's counsel, however, has indicated that his client refuses to participate in the reenactment. He also contends that because the accident happened as a result of rapidly occurring events, at a time when the cart mechanism was automated, any attempt to re-create the accident in a deliberate fashion and while the machinery is in a manual mode would be misleading.

In several instances, the federal courts have held that re-creations may be compelled under certain circumstances. In *Kiraly v. Berkel Inc.,* 122 F.R.D. 186 (E.D. Pa. 1988), the plaintiff had filed a suit alleging that

a defective meat slicer injured her hand. The defendant filed a motion to compel a videotape reenactment of the plaintiff's accident pursuant to Fed.R.Civ.P. 30(b)(4). That rule provides, in pertinent part:

"... the court may upon motion order that the testimony at a deposition be recorded by other than stenographic means. The stipulation or order shall designate the person before whom the deposition shall be taken, the manner of recording, preserving and filing the deposition and may include other provisions to assure that the recorded testimony will be accurate and trustworthy."

The court then went on to analyze this rule in light of the request for a videotape of the plaintiff reenacting her accident.

"Courts have encouraged a liberal application of this provision: 'Experimentation with Rule 30(b)(4)'s duly authorized procedure should be encouraged rather than blocked....' *Colonial Times Inc. v. Gasch,* 509 F.2d 517 (D.C. Cir. 1975). Two cases have specifically dealt with [the] question whether to videotape a plaintiff reenacting her accident, and in both cases, the court found that the usefulness of the procedure outweighed the potential prejudice to the plaintiff. In *Roberts v. Homelight Division of Textron Inc.* 109 F.R.D. 664 (N.D. Ind. 1986), the plaintiff injured his hand while attempting to start the defendant manufacturer's lawn mower. The court found that a videotaped reenactment would 'assist the parties in a better understanding of what occurred' on the day of the accident. *Id.* at 668. Similarly, in *Carson v. Burlington Northern Inc.,* 52 F.R.D. 492, 493 (D. Neb. 1971), the court ordered a videotaped reenactment of the plaintiff's injurious encounter with defendant's steel press—'for the purpose of showing the manner

in which plaintiff approached and operated the machine....' " *Id.* at 187.

The Pennsylvania courts, apparently, have not addressed this matter with the frequency of our federal colleagues. Our research, however, has disclosed a case from Allegheny County in which the Honorable R. Stanton Wettick Jr., grappled with the problem of compelled reenactment. In *Osborne v. Sears, Roebuck & Co. and Emerson Co.,* 133 P.L.J. 471 (1985), the plaintiff alleged that he was injured while using a radial arm saw. The defendants scheduled the plaintiff's deposition at the site of the accident and had intended to ask the plaintiff to reenact the accident. In light of the plaintiff's advance warning that he would not comply, a motion to compel was filed, similar to the one at bar. Instead of applying rules which would encourage "experimentation" in discovery matters, Judge Wettick suggested a different approach, and one with which we agree:

"Discovery is governed by the Rules of Civil Procedure. A court has no inherent power to compel discovery. Consequently, defendants' motion will fail unless a rule of discovery authorizes this court to enter an order compelling plaintiff to reenact the accident. *Conemaugh Coal and Construction Co. v. Pittsburgh Contractors Equipment Co.,* 22 D.&C.3d 720, 130 P.L.J. 411 (1982)." *Id.* at 471.

As the court went on to note, there is no Pennsylvania discovery rule which even suggests that a court may compel an adverse party to operate a designated piece of machinery or otherwise reenact an accident. Thus, the request of the defendant in *Osborne* would be denied, in part, in keeping with the view that no discovery may be compelled unless authorized by rule of court.

Judge Wettick went further, however, in underscoring certain public policy considerations which militate against a rule compelling reenactments. We quote at length because we agree with the court's observations:

"A photographic reenactment focuses on the ability of the plaintiff to portray precisely and accurately how the accident occurred. But the controlling issue at trial is not whether plaintiff can accurately describe how the accident happened or even whether the accident happened exactly in the manner described by plaintiff. Frequently, plaintiffs cannot fully and precisely recall how an accident occurred. Verbal descriptions of the accident may be vague because of memory lapses and uncertainty—not because of a witness's inability to articulate what the witness knows. Verbal descriptions permit these uncertainties to be expressed. A photographic reenactment does not allow for any uncertainty.

"Also, if the plaintiff states that he does not know whether he was using his left hand or his right hand, or that the blade could have been anywhere between 12 and 24 inches from his hand when he pushed a lever, or that he is uncertain whether he was watching the switch or watching the blade, how is it possible for the plaintiff to recreate the circumstances of the accident. While a photographic reenactment will give the illusion of certainty, it may only be masking the uncertainty that exists.

"Although this film would have limited probative value for the reasons discussed in this opinion, it is likely that the film will receive an inordinate amount of attention at trial because of the seductive appeal of visuals on a jury in this television oriented society. If the film depicts plaintiff using the product properly,

defendants will ask the jury to disregard the film and instead consider plaintiff's possibly inconsistent verbal descriptions of the manner in which the product was used. The jury will be reminded that the plaintiff would be expected to use the saw properly during the filming because he had the opportunity to rehearse its use and was devoting full attention to the manner in which he was using the saw. On the other hand, if the plaintiff makes a mistake in his use of the saw, defendants will argue to the fact finder that the plaintiff surely would not have used the saw properly when he was not being observed if he cannot even use it properly when he is giving full concentration to its use. Plaintiff, on the other hand, will argue that the jury should give significant weight to a film showing a proper use of the saw and seek to excuse any improper use by arguing 'stage fright.' " *Id.* at 472-473.

We believe that the above observations are particularly applicable to the instant case. Here, an automated cart is alleged to have suddenly left its designated path striking the plaintiff. Given the propinquity of events, it is literally impossible to reenact the accident as it occurred. The precise trajectory of the cart, the position of the plaintiff and configuration of his body at the time he was injured must all be simultaneously and accurately reproduced. Were the video reenactment to be compelled in this case, we could readily foresee a situation where the trial would revolve less around credibility and more around the thespian talents of the plaintiff.

## ORDER

And now, October 19, 1993, the motion of defendant, S.I. Handling Systems Inc. to compel, is denied.