[No. B077168. Second Dist., Div. Six. Nov. 24, 1993.]

MARGERY STERMER et al., Petitioners, v.
THE SUPERIOR COURT OF VENTURA COUNTY, Respondent;
KOLCRAFT ENTERPRISES, INC., et al., Real Parties in Interest.

## COUNSEL

Ian Herzog, Amy Ardell and Evan D. Marshall for Petitioners.

No appearance for Respondent.

Ford, Walker, Haggerty & Behar and Theodore P. Shield for Real Parties in Interest.

## OPINION

**STONE (S. J.), P. J.**—Here we consider whether a court has the authority to order a deponent to perform a physical reenactment of an event at a deposition. We hold that a court is without any such authority and shall grant a writ of mandate.

On May 4, 1990, the five-week-old infant daughter of petitioners, William and Margery Stermer, died when a car seat in which she was riding allegedly failed to protect her during a collision. Petitioners filed a lawsuit against real parties, Dayton Hudson Corporation, the seller, and Kolcraft Enterprises, Inc., the manufacturer of the car seat.

During the course of a noticed videotape deposition, Ms. Stermer was questioned by counsel for real parties on the manner in which she placed and secured her infant into the car seat. Counsel asked her to perform, before the camera, the manner in which she placed and secured the infant into the car seat. Real parties provided Ms. Stermer with a car seat and plastic doll for this demonstration.

Counsel for Ms. Stermer objected upon the grounds that a compelled demonstration was not authorized under the discovery statutes and that the requested reconstruction was inherently misleading, since the plastic doll did not approximate the physical characteristics of the deceased infant.

Real parties moved to compel the reenactment at the deposition and for sanctions. (Code Civ. Proc., § 2025, subd. (o).) Respondent superior court granted the motion and ordered petitioner to perform the reenactment. The request for sanctions was denied.

Petitioners sought relief from this court by way of a petition for an extraordinary writ. ██ ██ We determined that petitioners lack an adequate remedy at law and we issued an alternative writ.[1]

For the past several years, the question of the propriety of videotaped depositions and reenactments has been the subject of considerable interest in

[1]The employment of an extraordinary writ is, generally speaking, not a favored method of bringing about the review of discovery orders. (*Sav-On Drugs, Inc.* v. *Superior Court* (1975) 15 Cal.3d 1, 5 [123 Cal.Rptr. 283, 538 P.2d 739]; see also *Omaha Indemnity Co.* v. *Superior Court* (1989) 209 Cal.App.3d 1266, 1273 [258 Cal.Rptr. 66].) "As inadequate as such review may be in some cases, the prerogative writs should only be used in discovery matters to review questions of first impression that are of general importance to the trial courts and to

this state. In *Bailey* v. *Superior Court* (1977) 19 Cal.3d 970 [140 Cal.Rptr. 669, 568 P.2d 394], our Supreme Court confronted the issue of the question of the propriety of videotaped depositions. In that case, the seller of a radial arm saw sought, at a videotaped deposition, to compel the plaintiff to reenact the accident which formed the basis of his lawsuit. The Supreme Court ruled that, under existing legislation, depositions were required to be in writing and, therefore, videotaped depositions were simply not permitted and issued a writ of mandate. (*Id.*, at pp. 977-978.)

Undaunted, the proponents in the *Bailey* case sought to use a motion for inspection (Code Civ. Proc., § 2031) as a device to obtain a videotaped reenactment of the accident. The deponent objected, but the trial court ordered him to perform the reenactment. He sought relief from the Court of Appeal. The appellate court issued a writ of mandate setting aside the order compelling the reenactment. It ruled that a motion for inspection may only be used to produce certain nontestimonial evidence (photographs, blood tests, etc.), but a reenactment, being testimonial in nature, was not to be permitted. (*Bailey* v. *Superior Court* (1978) 79 Cal.App.3d 444, 447 [144 Cal.Rptr. 875]; see also 1 Hogan, Modern Cal. Discovery (4th ed.) § 6.9, p. 362.)

In 1986, the Legislature enacted a statute which permitted a deposition to be videotaped. (Code Civ. Proc., § 2025, subd. (*l*)(1).) Suffice it to say, videotaped depositions have now become a very useful discovery tool. (E.g., see Weil & Brown, Civil Procedure Before Trial (The Rutter Group 1993) ¶ 8:659; 1 Civil Discovery Practice in California (Cont.Ed.Bar 1988) § 2.30, pp. 51-52; see also *post*, fn. 2.)

▪ Real parties contend that the advent of videotaped depositions includes the right to compel the deponent to perform reenactments. They reason that because a physical reenactment is proper when performed at trial, it is proper at a deposition. (See Code Civ. Proc., § 2025, subd. (*l*)(1).) Not so.

True, witnesses are commonly called upon by lawyers to perform physical reenactments at trial. (E.g., see *People* v. *Buttles* (1990) 223 Cal.App.3d 1631, 1639 [273 Cal.Rptr. 397] [witness was allowed to demonstrate the manner in which the accused had pointed his pistol out of his car before firing the weapon].) And videotaped recreations of accidents may, under

the profession, and where general guidelines can be laid down for future cases. . . ." (*Oceanside Union School Dist.* v. *Superior Court* (1962) 58 Cal.2d 180, 185-186, fn. 4 [23 Cal.Rptr. 375, 373 P.2d 439].)

The present case raises an important matter of first impression and considerable interest to the legal profession. Accordingly, writ relief is available.

certain prescribed conditions, be presented to the jury. (Compare *DiRosario v. Havens* (1987) 196 Cal.App.3d 1224, 1230 [242 Cal.Rptr. 423] with *Loevsky* v. *Carter* (1989) 70 Hawaii 419 [773 P.2d 1120, 1124].) However, this case involves a far different question—does a trial court have the authority to order a deponent to perform a reenactment.

■ We start with the proposition that the courts are without the power to expand the methods of discovery beyond those authorized by statute. (*Edmiston* v. *Superior Court* (1978) 22 Cal.3d 699, 704 [150 Cal.Rptr. 276, 586 P.2d 590]; *Ramirez* v. *MacAdam* (1993) 13 Cal.App.4th 1638, 1641 [16 Cal.Rptr.2d 911].) As a corollary to the above proposition, the power to compel discovery is circumscribed by statute and a trial court is without jurisdiction to compel a party to perform acts that are beyond the pale of the discovery act. (*Bailey* v. *Superior Court, supra,* 19 Cal.3d 970; see also *Deyo* v. *Kilbourne* (1978) 84 Cal.App.3d 771, 786-787 [149 Cal.Rptr. 499].)

■ It is against this backdrop that we view the application of Code of Civil Procedure section 2025 to the present matter. Subdivision (*o*) of section 2025 provides, in part, that, "[i]f a deponent fails to *answer any question* . . . the party seeking discovery may move the court for an order compelling that *answer* . . . . If the court determines that the answer . . . is subject to discovery, it shall order that the answer be given . . . ." (Italics added.)

The term "question" is defined as "an interrogative expression often used to test knowledge." (Webster's Ninth New Collegiate Dictionary (1981) p. 939.) To "answer" a question is simply "to speak or write in reply" thereto. (*Id.,* at p. 47.) However, a reenactment at a deposition requires something more than a mere answer—it requires that the deponent perform a host of nonverbal actions that go well beyond answering questions. In other words, the reenactment necessarily includes a series of acts by the deponent which are not of a verbal nature.

Real parties would have us expand the meaning of "answer" to include performances. This proposed interpretation flies in the face of the plain meaning of Code of Civil Procedure section 2025, subdivision (*o*). " 'A statute which is clear and unambiguous does not admit of judicial interpretation or construction, and exceptions should not be read into it. . . .' " (*Reuter* v. *Superior Court* (1979) 93 Cal.App.3d 332, 343 [155 Cal.Rptr. 525]; see also *People* v. *Otto* (1992) 2 Cal.4th 1088, 1100 [9 Cal.Rptr.2d 596, 831 P.2d 1178].) Or to paraphrase Fred C. Dobbs, the Legislature "don't say nuthin' [it] don't mean." (Traven, The Treasure of Sierra Madre.) Subdivision (*o*) of Code of Civil Procedure section 2025 means exactly what it says.

Because the trial court is authorized only to order a deponent "to answer any question" (§ 2025, subd. (*o*)), "[it may not require] demonstrations, diagrams or performance of other acts by the deponent[.]" (Weil & Brown, Civil Procedure Before Trial, *supra*, at ¶ 8:708.1.)[2]

Because Code of Civil Procedure section 2025, subdivision (*o*) grants no authority to a court to compel a reenactment, respondent superior court *abused its discretion when it ordered Ms. Stermer to perform a reenactment.* Let a writ of mandate issue directing respondent superior court to set aside its order granting real parties' motion to compel, and to issue a new order denying said motion. The alternative writ is discharged and the stay is dissolved.

Gilbert, J., and Yegan, J., concurred.

The petition of real parties in interest for review by the Supreme Court was denied March 3, 1994. Lucas, C. J., and Baxter, J., were of the opinion that the petition should be granted.

---

[2]Whether reenactments at depositions are an efficient and helpful means of conducting discovery (e.g., see 1 Civil Discovery Practice in California, *supra*, § 2.30, p. 52; *Kiraly* v. *Berkel, Inc.* (E.D.Pa. 1988) 122 F.R.D. 186; *Roberts* v. *Homelight Div. of Textron, Inc.* (N.D.Ind. 1986) 109 F.R.D. 664, 668; *Carson* v. *Burlington Northern, Inc.* (D.Neb. 1971) 52 F.R.D. 492, 493) is a matter for the Legislature to consider, and not the courts. (*Bailey* v. *Superior Court*, *supra*, 19 Cal.3d 970.)