**Marisa GILLEN, Plaintiff,**

v.

**NISSAN MOTOR CORPORATION IN U.S.A., Defendant.**

No. 94–CV–354.

United States District Court, E.D. Pennsylvania.

July 13, 1994.

Craig Thor Kimmel and Glenn Gerber, Kimmel & Silverman, P.C., Blue Bell, PA, for plaintiff.

Joseph Kernen, Piper & Marbury, Philadelphia, PA, for defendant.

### Memorandum & Order

JOYNER, District Judge.

Before the Court is a motion to compel a videotaped demonstration of an alleged automobile defect in this action involving warranty and "lemon law" claims pursuant to the Magnuson–Moss Federal Trade Commission Improvement Act and three Pennsylvania statutes, including the state's Automobile Lemon Law, Uniform Commercial Code, and Unfair Trade Practices and Consumer Protection Law.[1]

1. The statutes appear, respectively, at 15 U.S.C.A. §§ 2301–2312 (West 1982 & Supp. 1994); 73 Pa.Stat.Ann. §§ 1951–1963 (1993); 13

### Facts

The dispute concerns an alleged defect with the seatbelts of plaintiff's new Nissan automobile. The seatbelts allegedly lock and tighten intermittently, preventing the driver from exiting the automobile normally. The dealer that sold the automobile has been unable to correct the alleged defect to plaintiff's satisfaction, giving rise to this action.

Facts leading to the instant motion are as follows: defendant served a Notice of Deposition on plaintiff, therein scheduling a videotaped deposition of plaintiff and requesting that she bring her automobile to the deposition. *See* exhibit A to defendant's first motion to compel. Plaintiff then informed defendant that she would not attend the scheduled deposition. *See* letter in exhibit E of defendant's reply memorandum. Defendant now moves for an order compelling plaintiff to attend a videotaped "demonstration" of the alleged seatbelt defect. For the reasons that follow, we grant defendant's motion.

### Relevant Issues of Federal Civil Procedure

Defendant's motion raises issues pertaining to the scope of discovery and the appropriateness of videotaping discovery proceedings. In general, the Federal Rules of Civil Procedure allow for liberal discovery. *Stabilus, Div. of Fichtel & Sachs Industries, Inc. v. Haynsworth, Baldwin, Johnson and Greaves, P.A.*, 144 F.R.D. 258, 263 (E.D.Pa. 1992) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)). The deposition and discovery rules, specifically, were formulated to help limit and clarify the issues of a case and to help define the facts relevant to those issues. *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 388–89, 91 L.Ed. 451 (1947).

To these ends, the scope of discovery encompasses matters "relevant to the subject matter involved in the pending action." Fed. R.Civ.P. 26(b)(1). This phrase has been con-

Pa.Stat.Ann. §§ 1101–9507 (1993); 73 Pa.Stat. Ann. §§ 201–1 to 201–9.2 (1993).

strued broadly to include any matter that might reasonably lead to an issue in the case. *Oppenheimer*, 437 U.S. at 351, 98 S.Ct. at 2389. Furthermore, issues pertaining to the scope of discovery are to be resolved, almost exclusively, at the discretion of the district court. *Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 90 (3d Cir.1987); *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1213 (3d Cir.1984).

On the issue of videotaping discovery proceedings, Rule 30(b)(2) of the Federal Rules of Civil Procedure allows the videotaping of depositions.[2] As distinguished from the former rule, the current rule no longer requires either a court order or the stipulation of both counsel to permit the recording of a deposition by nonstenographic means. *See* Fed. R.Civ.P. 30 advisory committee's note to 1993 amendments to subdivision (b). Rule 30(b)(2), therefore, contemplates that a deposition may be taken by various means as a routine practice.

Courts have encouraged liberal interpretation of rules authorizing nonstenographic recording of discovery proceedings, and have followed a policy of promoting rather than blocking the practice. *Kiraly v. Berkel, Inc.*, 122 F.R.D. 186, 187 (E.D.Pa.1988); *Roberts v. Homelite Div. of Textron, Inc.*, 109 F.R.D. 664, 668 (N.D.Ind.1986). Videotaped reenactments and depositions can help parties better understand what occurred in a given action, especially where events cannot be described adequately by stenographic means alone. *Roberts*, 109 F.R.D. at 668; *See also Rice's Toyota World, Inc. v. Southeast Toyota Distributors, Inc.*, 114 F.R.D. 647, 649 (M.D.N.C.1987) (in general, where accuracy and trustworthiness can be ensured, electronic recording should be permitted).

While permitting nonstenographic recording, however, courts have recognized deponents' concerns that the practice may be prejudicial. In *Roberts*, for example, the court noted that a videotape would not necessarily be admitted in evidence at trial. *Rob-*

*erts*, 109 F.R.D. at 668. And, in permitting videotaped depositions, courts have imposed conditions to safeguard accuracy and fairness. These include, *inter alia*, requiring camera operators to certify the accuracy and completeness of their recordings, requiring that conventional stenographic notes be taken simultaneously, requiring that videotapes not be edited, and requiring that original tapes be filed with the court. *See, e.g., Kiraly*, 122 F.R.D. at 188; *Rice's Toyota World*, 114 F.R.D. at 652; *Roberts*, 109 F.R.D. at 668–69.

While the cases cited here interpreted the former rule (i.e., Rule 30(b)(4)), the amendments embodied in the current Rule 30(b)(2) extend the general policy of allowing nonstenographic recording. Indeed, by no longer requiring either the stipulation of counsel or a court order, the current provision more explicitly recognizes the routine nature of nonstenographic recording. In so doing, the current rule incorporates nonstenographic recording practices within a party's general right to take depositions of other parties (absent the existence of a protective order). Nevertheless, the Advisory Committee's notes to the amended rule point out that "a party choosing to record a deposition only by videotape or audiotape should understand that a transcript will be required by Rule 26(a)(3)(B) and Rule 32(c) if the deposition is later to be offered as evidence at trial or on a dispositive motion under Rule 56." Fed.R.Civ.P. 30 advisory committee's note to 1993 amendments to subdivision (b).

Turning to the instant action, plaintiff offers no valid objections to defendant's motion. Plaintiff first contends the motion should be denied because it is extraordinary. For the reasons given above, however, we hold to the contrary that nonstenographic recordings are not extraordinary. Furthermore, contrary to plaintiff's assertion, the existence of defendant's Technical Service Bulletin, or "TSB," is not relevant to the

---

**2.** Amendments to Rule 30 took effect December 1, 1993. Amendments to the former Rule 30(b)(4) are incorporated in the current Rule 30(b)(2), which provides in part that "[t]he party taking the deposition shall state in the [deposition] notice the method by which the testimony shall be recorded. Unless the court orders otherwise, it may be recorded by sound, sound-and-visual, or stenographic means, and the party taking the deposition shall bear the cost of recording."

instant issue. While defendant may be familiar with the subject of the TSB, and while defendant states that it suspects the alleged defect relates to the same problem outlined in the TSB, it has not been established that the subject of the TSB is the same problem as that which plaintiff has experienced. Therefore, whatever knowledge defendant has about the problem explained in the TSB is irrelevant to its desire to gain more knowledge of the alleged defect with plaintiff's automobile.

Finally, we agree with defendant's argument that the concerns of the court in *Spraglin v. MHK Associates,* 43 Cumb. 97 (Cumberland Co., Pa.1993), on which plaintiff relies, are not evident here. There, the court refused to permit a videotaped reenactment of an industrial accident where the accuracy of the reenactment, and hence its utility in ascertaining what occurred, was suspect. Here, defendant's motion concerns discovery of the central issue of the dispute, i.e., plaintiff's automobile and, specifically, the alleged ongoing defect with its seatbelts. While it is possible or even likely that the alleged defect will not occur at a given demonstration, if it does occur then videotaping will assist in clarifying issues and facts in this action, and it will describe them better than stenographic recording alone. We remind the parties that any videotape produced, whether termed a demonstration or a deposition, will not necessarily be admissible as evidence at trial and that, as noted above, written transcripts will be required by Rules 26(a)(3)(B) and 32(c) if either party wishes to offer the videotape at trial or within a dispositive motion under Rule 56. In addition, we have addressed actual or potential concerns about fairness and accuracy of the videotaping in the order that follows.

### Conclusion

In sum, in consideration of the policies favoring broad interpretation of Federal Rules of Civil Procedure concerning both the scope of discovery and nonstenographic recording of depositions, and in the absence of valid objections to permitting such a practice here, defendant's motion is granted. An appropriate order follows.

### ORDER

AND NOW, this 13th day of July, 1994, upon consideration of defendant's motion to compel plaintiff to submit to a videotaped demonstration of the alleged defect with her car's seatbelts, plaintiff's answer thereto, and defendant's reply memorandum in response to plaintiff's answer, it is hereby ORDERED that defendant's motion is GRANTED, provided that the parties are bound by the following:

1. the cameraperson shall take an oath to accurately and in a trustworthy manner record the demonstration. He or she shall visually and audio record all of the proceedings either counsel requests and shall certify the correctness and completeness of the video;

2. matters of staging and photographic technique shall be determined by defendant. Plaintiff may make suggestions regarding such matters, and if these suggestions are not heeded, the parties may make appropriate objections on the record;

3. the defendant shall bear the cost of the videotaped deposition.