Juanita J. OTT, Plaintiff,

v.

The STIPE LAW FIRM, an Oklahoma
Partnership, Defendant.

No. 96–83–S.

United States District Court,
E.D. Oklahoma.

July 24, 1996.

Donald Gregory Bledsoe, Tulsa, OK, Steven A. Novick, Tulsa, OK, for plaintiff.

Walter D. Haskins, Marthanda J. Poteete Beckworth, Tulsa, OK, for defendant.

## ORDER

SEAY, District Judge.

Defendant, the Stipe Law Firm, seeks an order from the court striking various nonstenographic depositions conducted by Plaintiff, Juanita J. Ott, on June 11 and 12, 1996. In particular, Defendant seeks to strike the depositions of Eddie Harper, Clyde Stipe, Tony Laizure, Tony Edwards, Russell Uselton, James Belote, Iva Dawkins, Deanna Coxsey, Shelly Dusenberry, and Gene Stipe.[1] Defendant contends that these depositions were conducted in violation of the Federal Rules of Civil Procedure because (1) Plaintiff administered the oath to the deponents and (2) one of Plaintiff's attorneys, Greg Bledsoe, operated the video camera.

In federal court, the use of nonstenographic means to record deposition testimony is a routine practice. Rule 30(b)(2) of the Federal Rules of Civil Procedure provides the textual authorization for litigants to videotape depositions. Rule 30(b)(2) provides:

> The party taking the deposition shall state in the notice the method by which the testimony shall be recorded. Unless the court orders otherwise, it may be recorded by sound, sound-and-visual, or stenographic means, and the party taking the deposition shall bear the cost of the recording. Any party may arrange for a transcription

---

1. In her response, Plaintiff states that the deposition of Gene Stipe was taken before a duly certified stenographer. There being no indication otherwise, the court concludes that the deposition of Gene Stipe is outside the scope of Defendant's motion which addresses only the nonstenographic depositions conducted by Plaintiff.

to be made from the recording of a deposition taken by non-stenographic means.

This authorization as reflected in the 1993 amendments to Rule 30 is a change from the former rule which required either a court order or the agreement of counsel to record a deposition by nonstenographic means. *See* Fed.R.Civ.P. 30 advisory committee's note to subdivision (b). Courts have generally given Rule 30 a liberal interpretation designed to promote, rather than hinder, the practice of recording discovery proceedings through the use of nonstenographic means. *Rice's Toyota World, Inc. v. Southeast Toyota Distributors, Inc.,* 114 F.R.D. 647, 649 (M.D.N.C. 1987); *Gillen v. Nissan Motor Corp. in U.S.A.,* 156 F.R.D. 120, 122 (E.D.Pa.1994).

■■■ Defendant first objects to the fact that Plaintiff herself administered oaths to deponents Tony Laizure and James Belote. In response, Plaintiff concedes that these two depositions were not conducted in conformity with federal law. The use of a party to administer oaths in a deposition proceeding is clearly improper. Rule 28(c) of the Federal Rules of Civil Procedure provides that "[n]o deposition shall be taken before a person who ... is financially interested in the action." Given the obvious fact that Plaintiff has a financial interest in this action, Plaintiff's administration of oaths violates Rule 28(c) and renders the depositions of Tony Laizure and James Belote inadmissible.[2]

■■■ Defendant's other complaint is directed to the fact that one of Plaintiff's attorneys, Greg Bledsoe, operated the video camera for the depositions taken on June 11 and 12, 1996. In this regard, it is important to note that Defendant objects only to counsel's operation of the video camera and not to any substantive deficiency in the recording of the deposition or any misconduct or improper technique utilized by counsel.[3] While coun-

sel's operation of the video camera is not the preferred method of conducting a video deposition, the court agrees with those courts that have concluded that neither Rule 28(a) nor Rule 28(c) specifically prohibit a party's attorney from operating the video camera during the course of a video deposition otherwise conducted in compliance with Rule 30. *Rice's Toyota World,* 114 F.R.D. at 651; *Marlboro Products Corp. v. North Am. Philips Corp.,* 55 F.R.D. 487, 489–90 (S.D.N.Y. 1972). As stated by the court in *Rice's Toyota World:*

> Rule 28(a) does not disqualify plaintiff's attorney from running the video taping equipment. That rule provides that this person may be appointed by the Court or designated by the parties. There is clearly nothing talismanic about having an official stenographer record the testimony much less to have such person operate the camera. Rule 28(c), which disqualifies persons from taking a deposition if they have an interest in the action, is important for stenographic depositions because the operator interprets what people say into words and puts them on paper. It has markedly less significance when the attorney is merely making a stationary video recording of a deposition which can be easily duplicated and given to all parties. That procedure does not involve any interpretation on his part and correspondingly diminishes concern of a conflict of interest. Finally, an independent contractor will not be required because it would greatly increase the cost of the video deposition—it being the major cost factor; and, thus would significantly curtail use and experimentation with video depositions.

*Id.* at 651 (footnote and citation omitted). Utilizing a party's attorney to operate the video camera is undoubtedly a cost saving

---

2. Plaintiff states that following the depositions of Tony Laizure and James Belote, a duly certified and disinterested notary public, Sheila Lawson, administered the oaths to the remaining witnesses and, in all other relevant respects, served as the officer before whom these other depositions were taken. There is no suggestion that Lawson was anything but a disinterested person under Rule 28(c).

3. In its reply brief, Defendant states that the reason it has not raised any objections regarding improprieties, technical difficulties, or other problems related to the depositions is because it has yet to see the tapes as Plaintiff has failed to produce the same for inspection and review. To the extent there may be irregularities in counsel's operation of the video camera, those concerns are incapable of being resolved by the court without a more detailed record.

device and, in and of itself, does not negatively impact on the integrity of the video recording process. Consequently, in the absence of any indication of irregularities in the video recording process, the court concludes that the mere fact that Plaintiff's counsel operated the video camera during the course of the subject depositions fails to provide a basis for the relief requested. Defendant's request to strike the depositions of Clyde Stipe, Eddie Harper, Tony Edwards, Russell Uselton, Iva Dawkins, Deanna Coxsey, and Shelly Shan is without merit.[4]

**4.** Of course, upon proper application after Defendant has had a chance to review the tapes, the court will entertain any reasonable objections directed either to irregularities in the video recording process or other issues of noncompliance with the provisions of Rule 30.