Lanificio Ermenegildo Zegna E Figli, S.p.A., Petitioner–Appellee,

v.

LANIFICIO MARIO ZEGNA, S.P.A., Respondent–Appellant.

No. 03–7845.

United States Court of Appeals, Second Circuit.

March 4, 2004.

William R. Hansen, Duane Morris, LLP, New York, New York (Bernadette R. McGlynn and Gianfranco G. Mitrione, on the brief), for Appellant.

Clifford J. Zatz, Akin Gump, Strauss Hauer & Feld, LLP, Washington, D.C. (Alan, Siegel, Todd M. Stenerson, and David M. Zensky), for Appellee, of counsel.

Present: JACOBS, SACK, and RAGGI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal is DISMISSED.

Lanificio Mario Zegna, S.P.A. ("LMZ") appeals from an opinion and order entered in the United States District Court for the Southern District of New York (Baer, *J.*), compelling LMZ to make disclosures demonstrating its compliance with an arbitration award that the district court previously had confirmed. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

"The courts of appeals … shall have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. But "orders denying or directing discovery [ordinarily] are interlocutory and therefore not appealable except as part of a final decision disposing of an entire case on its merits." *Int'l Union, United Auto., Aerospace and Agric. Implement Workers of America (UAW) v. Nat'l Caucus of Labor Comms.*, 525 F.2d 323, 324 (2d Cir.1975) (involving the appeal of a discovery motion prior to trial).

The district court's order here postdates its final order confirming the arbitration award. Even so, it cannot fairly be deemed a stand-alone grant of relief or a final decision pursuant to 28 U.S.C. § 1291. The district court anticipated that compelled production might prompt a motion disputing "whether [LMZ] is in conformance with the Award"; at the same time, the court recognized also that such a motion might involve "interpretation of [LMZ's] duties and obligations" under the parties' agreement and therefore require a remand to arbitration. This discovery order may lay groundwork for an enforcement action that might yield an appealable final decision. The present order, however, does not order LMZ to take any further steps to comply with the arbitration award; it only directs LMZ to demonstrate compliance.

Accordingly, the district court's order of discovery does not confer appellate jurisdiction, and the appeal is **DISMISSED**.